LAW OFFICE OF MICHAEL L. FRADIN
Michael L. Fradin, Esq.
8 N. Court St. Suite 403
Athens, Ohio 45701
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JANE DOE,<br><br>     Plaintiff,<br><br> v.<br><br>ATHENS COUNTY;<br><br>JIMMY CHILDS;<br><br>JAMES BELLAR;<br><br>DOVE OUTREACH;<br><br>ROBERT BELLAR;<br><br>and<br><br>DEBORAH BELLAR;<br><br><br>     Defendants. | Case No. _____<br><br>**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br> Presiding Judge _____<br> Magistrate Judge _____ |

## I. INTRODUCTION

Plaintiff Jane Doe files this Complaint against Defendants, Athens County, Jimmy Childs, James Bellar, Dove Outreach, Robert Bellar, and Deborah Bellar, for their active involvement in, and deliberate indifference towards the sexual and physical abuse that she suffered as a minor.

1

## II.     PARTIES

A.  Plaintiff

1.      Plaintiff Jane Doe is a female resident of Ohio. Jane Doe is a biological child of Robert Bellar and Deborah Bellar.

B.  Defendants

2.      Defendant Athens County, Ohio ("Athens County") is a municipal corporation subject to Article XVIII of the Ohio Constitution, and a "person" subject to suit within the meaning of 42 U.S.C. § 1983. Athens County operates and supervises Athens, County Children Services ("ACCS"), which had notice of, and was deliberately indifferent toward the abuse of Jane Doe and other minors in the Bellar home.

3.      Defendant Jimmy Childs ("Childs") is a 52-year-old male resident of Ohio. Defendant Jimmy Childs was employed as a Sergeant in the Athens County Sheriff's Office when he Obstructed Justice and Tampered with Evidence in an attempt to cover up the abuses of the Bellar family.

4.      Defendant Robert Bellar ("R. Bellar") is a 54-year-old male resident of Ohio. He, together with Defendant Deborah Bellar, is a parent of 18 children, including Plaintiff Doe.

5.      Defendant Deborah Bellar ("D. Bellar") is a 49-year-old female resident of Ohio. She, together with Defendant Robert Bellar, is a parent of 18 children, including Plaintiff Doe.

6.      Defendant James Bellar ("J. Bellar") is the owner, operator, and minister of the Dove Outreach Church, and the brother of Defendant Robert Bellar.

7.     Defendant Dove Outreach is a church owned, operated, and presided over by Defendant James Bellar. Dove Outreach's is headquartered at 751 Beaker Pike, Waverly, OH 45690.

### III.    JURISDICTION AND VENUE

8.     This Court has jurisdiction and is an appropriate venue for this cause of action as the Defendants are residents of this State and a substantial part of the events or omissions giving rise to the claims occurred in Athens County, Ohio.

9.     This action arises under the United States Constitution as applied to state and/or local authorities through 42 U.S.C. § 1983.

10.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

### IV.    FACTS

A.  <u>Robert Bellar, Deborah Bellar, James Bellar, and Dove Outreach</u>

11.     Robert Bellar and Deborah Bellar, Plaintiff's biological parents, mandated that all their children attend the Dove Outreach Church in Waverly, Ohio. This cult-like "church" is owned, operated, and ministered by Defendant James Bellar, the brother of Defendant Robert Bellar. Defendant James Bellar preaches that siblings are meant to procreate with one another.

12.     Defendant James Bellar's preaching at the Dove Outreach Church contributed directly to Plaintiff's abuse. It is in this context that Plaintiff was physically and sexually abused by her family members. It is also in this context that Robert Bellar, Deborah Bellar, James Bellar, and Jimmy Childs covered-up this abuse.

13.     Plaintiff was regularly sexually assaulted and abused by her older brothers, Josiah and Jonathan Bellar. This sexual abuse began when Plaintiff was just five years old and continued until Plaintiff was at least twelve years old.

14.     In the Bellar home, Plaintiff was physically abused by her father, Defendant R. Bellar, and her brothers systematically sexually abused her with the knowledge and protection of their biological parents, Defendants R. Bellar and D. Bellar.

B. <u>Defendant Childs</u>

15.     In or around May, 2021, Defendant Jimmy Childs, now a former Athens County Sheriff's Department Sergeant, was criminally charged in Athens County Court of Common Pleas with two felonies: Tampering with Evidence and Obstructing Justice.

16.     The charges stemmed from Childs conduct in covering and the sexual abuse of Bellar.

17.     Defendant Childs spoke with Robert Bellar while a search warrant was being served and then erased the phone call and Robert Bellar's contact information from his device.

18.     Defendant Childs then failed to tell a supervising officer about the phone call until after his phone was seized by authorities.

19.     Defendant Childs has been a close friend of Robert Bellar and Deborah Bellar for many years.

20.     Due to Defendant Childs' close relationship with Robert Bellar and Deborah Bellar, Defendant Childs was aware of the abuse of minors in the Bellar home, including the abuse of Plaintiff Bellar.

21.     Defendant Childs engaged in a conspiracy to cover-up the abuse and child endangerment taking place in the Bellar family home and against Plaintiff Bellar.

22.     On at least one occasion, Defendant Robert Bellar struck one of his minor sons in the groin so hard that the child had to go to the hospital for treatment. Defendant Childs assisted Defendant R. Bellar in covering up this abuse.

23.     Defendant Childs was also deliberately indifferent to Plaintiff reporting abuse and fear of abuse in the home by Defendant R. Bellar.

24.     On one occasion, at the Albany Fair, Plaintiff told Defendant Childs (who was wearing his Athens County Sheriff's Office uniform) that she was afraid to go home because Defendant R. Bellar physically abused her. Because of Defendant Childs' friendship with R. Bellar, Defendant Childs, upon information and belief, told Defendant R. Bellar about this conversation he had with Plaintiff.  Defendant Childs took no remedial action to address the abuse. That same night, R. Bellar struck Plaintiff with enough force to cut Plaintiff's lip and leave a permanent scar near one of her cheekbones.

25.     Defendant Childs was deliberately indifferent to the Bellar family's harassment and abuse of Plaintiff that continued after Plaintiff had been placed in foster care.

26.     On another occasion, while attending the Athens County Fair, Plaintiff requested protection from her family from Defendant Childs, who was stationed at the Athens County Fair with the Athens County Sheriff's Office Explorers program.[1]

---

[1] The Explorers program is a program where children work alongside law enforcement and participate in volunteer opportunities). Robert and Deborah Bellar were volunteer administrators of the Explorers program and several of their children have participated in the Explorers program.

5

Defendant Childs took no corrective action.

27.     While Plaintiff was living with her foster family, the Bellar family was not to know who Plaintiff was living with, where she was living, where she was attending school, or anything else about her, to prevent further attempts to retaliate against and harass her.

28.     Despite this, Defendant Childs approached Plaintiff when she was attending Federal Hocking Schools and asked Plaintiff where she was staying, and then gave this information to the Bellar family, leading to additional instances of intimidation and harassment by the Bellar family, including an incident where Plaintiff and her foster family were harassed at a local restaurant by members of the Bellar family.

29.     Defendant Childs also directly sexually harassed Plaintiff when Plaintiff was a minor.

30.     When Plaintiff was approximately 14 years old, Defendant Childs sexually harassed Plaintiff while the Bellar family was assisting Defendant Child move offices. Plaintiff was lifting a set of weights and when she would lift a weight, Defendant Childs moan at her and stated, "I'm sure you already did that this morning," implying that Plaintiff had masturbated that day.

31.     Plaintiff, as a minor, often caught Defendant Childs staring at her body.

32.     When Plaintiff was a minor around Defendant Childs, he would often give her "butt bumps."

33.     Defendant Childs otherwise harassed Plaintiff regularly throughout her childhood.

6

34.     On one occasion, when Plaintiff was 14 years old, Defendant Childs told her that the only reason he was trying to lose weight was so that he could see "his junk."

35.     Defendant Childs' sexually harassment of Plaintiff was pervasive and severe and under colour of law.

36.     Defendant Childs was often wearing his Athens County Sheriff's Office uniform when he sexually harassed Plaintiff.

37.     As part of a plea agreement, Childs entered a guilty plea for disorderly conduct in connection with the allegations herein. Childs also agreed to forfeit his Ohio Peace Officer Training Academy certificate and cease employment with the Athens County Sheriff's Office.

C.  Athens County

38.     On or about February 27, 2017, Athens County Children Services received a report that there was sexual abuse occurring in the Bellar family home among and against the Bellar children.

39.     Provided with this report was a set of text messages describing the sexual abuse of children in the Bellar home.

40.     No action was taken by Athens County Children Services following this report.

41.     Upon information and belief, Athens County Children Services received reports including, but not limited to, in February 2017, May 2018, and April 2020 that child sexual abuse was occurring in the Bellar home. Despite these multiple reports, no action was taken by Athens County Children Services.

42.     Athens County State's Attorney Keller Blackburn described Athens

County Children Services' handling of Plaintiff's case as "an absolute systemic failure," and stated that "[Plaintiff] was turned away by authorities every time she tried to report this abuse."

43.     Plaintiff reported the sexual abuse of children in the Bellar home before she entered foster care, and no action was taken by Athens County authorities.

44.     Peggie Lewis, a caseworker employed by Athens County Children Services, was a close friend of Defendant Deborah Bellar. Peggie Lewis, acting in her capacity as a public employee of Athens County, engaged in the cover-up of child abuse in the Bellar home.

45.     This action is timely brought pursuant to the relevant state statute, O.R.C. § 2305.111(C), because the Plaintiff was a minor at the time of the abuse alleged herein.

## V.     LEGAL CLAIMS

### First Claim for Relief
### Against Defendant Jimmy Childs
### *Violation of 42 U.S.C. § 1983*

46.     Plaintiff re-alleges all prior paragraphs as if set out here in full.

47.     Defendant Childs had actual knowledge of the Bellar family's physical and sexual abuse of Plaintiff.

48.     On multiple occasions, Plaintiff requested that Defendant Childs, because he was a police officer, intervene and use his police powers to take remedial action in connection with the sexual and physical abuse of Plaintiff.

49.     Not only was Defendant Childs deliberately indifferent to the sexual abuse Plaintiff endured, he also actively covered up the abuse and, under colour of law and in violation of Plaintiff's 14th Amendment right to Equal Protection, sexually

8

harassed Plaintiff.

50.    Despite having actual notice of the danger members of the Bellar family posed to Plaintiff, Defendant Childs, with information access through his position as a police officer and in violation of Plaintiff's 14th Amendment right to Equal Protection, provided information to the Bellar family about Plaintiff's whereabouts after Plaintiff had moved away from the Bellar home.

51.    Defendant Childs further violated Plaintiff's rights to Equal Protection when he attempted to Obstruct Justice and Tamper with Evidence in connection with the unfolding investigation of Defendant Robert Bellar.

52.    Defendant Childs destroyed evidence of communications with Robert Bellar after a search warrant had been executed against Defendant Robert Bellar.

53.    As a direct and proximate result of Defendant Childs' unlawful activity, Plaintiff has suffered and continues to suffer extensive economic and non-economic damages.

## <u>Second Claim for Relief</u>
### Against Defendant Jimmy Childs
### *Civil Liability for Criminal Acts Under O.R.C. § 2307.60(A)(1) and O.R.C. § 2921.32(A)(4) – Obstructing Justice*

54.    Plaintiff re-alleges all prior paragraphs as if set out here in full.

55.    Pursuant to O.R.C. § 2307.60(A)(1), "Anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action," including attorneys' fees and punitive damages.

56.    O.R.C. § 2921.32(A)(4) provides that, "[no] person, with purpose to hinder the discovery, apprehension, prosecution, conviction, or punishment of another for crime or to assist another to benefit from the commission of a crime . . .

9

shall. . . [destroy] or conceal physical evidence of the crime or act[.]"

57.     Defendant Childs violated O.R.C. § 2921.32(A)(4) when he deleted a record of a phone call between himself and Defendant Robert Bellar during the execution of a search warrant against Defendant Robert Bellar related to the acts outlined in this Complaint.

58.     Defendant Childs also failed to notify a supervisor of the telephone call until after Childs' phone was seized, deleted Robert Bellar's contact from his phone, and made a false statement during the investigation.

59.     Defendant Childs' acts were willful, egregious, malicious, and worthy of substantial sanction to punish and deter Defendant Childs from engaging in this type of unlawful conduct in the future.

60.     As a direct and proximate result of Defendant Childs' unlawful activity, Plaintiff has suffered and continues to suffer extensive economic and non-economic damages.

### Third Claim for Relief
**Against Defendants Jimmy Childs, James Bellar, Robert Bellar, Deborah Bellar, and Dove Outreach**
***Civil Liability for Criminal Acts Under O.R.C. § 2307.60(A)(1) and O.R.C. § 2907.21 – 2907.22 Compelling and Promoting Prostitution***

61.     Plaintiff re-alleges all prior paragraphs as if set out here in full.

62.     Defendants were parents, guardians, custodians, and/or persons having custody or control or in loco parentis of Plaintiff when she was a minor.

63.     Pursuant to O.R.C. § 2307.60(A)(1), "Anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action," including attorneys' fees and punitive damages.

64.     Dove Outreach Church's facilitates sexual contact with minor children.

10

65. Defendants promoted and compelled or otherwise conspired to promote and compel the facilitation of sexual contact with minor Plaintiff.

66. Dove Outreach Church charges fees to its members in furtherance of its ideology that minor children should procreate.

67. Defendants did directly promote and compelled abuse of Plaintiff when she was a minor by encouraging the sexual abuse. Defendant James Bellar's preached to members of Dove Outreach Church that minor children should procreate.

68. Defendants' acts were willful, egregious, malicious, and worthy of substantial sanction to punish and deter Defendant from engaging in this type of unlawful conduct in the future.

69. As a direct and proximate result of Defendants' unlawful activity, Plaintiff has suffered and continues to suffer extensive economic and non-economic damages for which Defendants are liable.

<u>**Fourth Claim for Relief**</u>
**Against Defendant Jimmy Childs**
***Negligence***

70. Plaintiff re-alleges all prior paragraphs as if set out here in full.

71. At all relevant times, Defendant Childs owed plaintiff, at minimum, a duty of reasonable care.

72. In breach of the duty of care, and because of his close friendship with the Robert Bellar, Defendant Childs failed to report multiple instances of sexual and otherwise physical abuse against Plaintiff.

73. As a direct and proximate result of Defendant Childs' negligence, Plaintiff has suffered and continues to suffer extensive economic and non-economic

damages for which Defendant Childs is liable.

### Fifth Claim for Relief
**Against Defendants Jimmy Childs, James Bellar, Robert Bellar, Deborah Bellar, and Dove Outreach**
**Civil Conspiracy**

74.     Plaintiff re-alleges all prior paragraphs as if set out here in full.

75.     Defendants engaged in a conspiracy to violate Plaintiff's Constitutional rights and in a conspiracy to cover-up the abuse of Plaintiff and other minors in the Bellar home.

76.     The actions of Defendants were committed intentionally, willfully, wantonly, and with reckless disregard for the rights of Plaintiff.

77.     As a direct and proximate result of Defendants' unlawful activity, Plaintiff has suffered and continues to suffer extensive economic and non-economic damages for which Defendants are liable.

### Sixth Claim for Relief
**Against Defendants Jimmy Childs, James Bellar, Robert Bellar, Deborah Bellar, and Dove Outreach**
***Civil Liability for Criminal Acts Under O.R.C. § 2307.60(A)(1) and O.R.C. § 2919.22(A) – Endangering Children***

78.     Plaintiff re-alleges all prior paragraphs as if set out here in full.

79.     Defendants were parents, guardians, custodians, and/or persons having custody or control or in loco parentis of Plaintiff when she was a minor.

80.     Pursuant to O.R.C. § 2307.60(A)(1), "Anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action," including attorneys' fees and punitive damages.

81.     O.R.C. § 2919.22(A) provides that, "[no] person who is the parent, guardian, custodian, person having custody or control, or person who in loco parentis of a child under eighteen years of age. . . shall create a substantial risk to the

health or safety of the child, by violating a duty of care, protection, or support."

82.     From approximately April 7, 2009, to October 5, 2018, Defendants did create a substantial risk to the health or safety of Plaintiff, by violating a duty of care, protection, or support. Furthermore, the violation resulted in serious physical harm to Plaintiff.

83.     Defendants' acts were willful, egregious, malicious, and worthy of substantial sanction to punish and deter Defendants from engaging in this type of unlawful conduct in the future.

84.     As a direct and proximate result of Defendants' activity, Plaintiff has suffered and continues to suffer extensive economic and non-economic damages for which Defendants are liable.

## Seventh Claim for Relief
### Against Defendant Athens County, Ohio
### *Violation of 42 U.S.C. § 1983 – Monell Liability*

85.     Plaintiff re-alleges all prior paragraphs as if set out here in full.

86.     This claim is brought against Defendant Athens County for the policies, customs, procedures, and ratification of civil rights violations carried out by Athens County Children Services and Athens County Sheriff's Office.

87.     Defendant Athens County, through Athens County Children Services and Athens County Sheriff's Office, had actual knowledge, and/or had constructive knowledge, and/or failed to conduct a proper investigation into the reported abuse of Plaintiff and other minors in the Bellar family home. A proper investigation would have revealed Defendants' abuse of Plaintiff.

88.     Defendant Athens County received reports in February of 2017, May of 2018, and April of 2020 that child sexual abuse was occurring in the Bellar home.

13

89.     Defendant Athens County was in possession of text messages indicating sexual abuse of children in the Bellar family and household.

90.     At all times material hereto, Defendant Athens County maintained a policy and practice of negligently and/or deliberately allowing the Bellar family to maintain an enterprise that involved the sexual abuse and endangerment of Plaintiff while Plaintiff was a minor.

91.     Defendant Athens County was deliberately indifferent to known risks for child abuse against Plaintiff and other children in the Bellar family and household.

92.     The wrongful policies, practices, customs, and/or usages complained of herein, demonstrated a deliberate indifference on the part of Defendant Athens County to the constitutional rights of Plaintiff, and were a direct and proximate cause of Plaintiff's rights alleged herein.

## Eighth Claim for Relief
### Against Defendant Athens County, Ohio
### *Gross Negligence*

93.     Plaintiff re-alleges all prior paragraphs as if set out here in full.

94.     Defendant Athens County, through Athens County Children Services and Athens County Sheriff's Office, had actual knowledge, and/or had constructive knowledge, and/or failed to conduct a proper investigation into the reported abuse of Plaintiff and other minors in the Bellar family home. A proper investigation would have revealed Defendants' abuse of Plaintiff.

95.     Defendant Athens County received reports in February of 2017, May of 2018, and April of 2020 that child sexual abuse was occurring in the Bellar home.

96.     Defendant Athens County was in possession of text messages

indicating sexual abuse of children in the Bellar family and household.

97.     At all times material hereto, Defendant Athens County maintained a policy and practice of negligently and/or deliberately allowing the Bellar family to maintain an enterprise that involved the sexual abuse and endangerment of Plaintiff while Plaintiff was a minor.

98.     Defendant Athens County was reckless to known risks for child abuse against Plaintiff and other children in the Bellar family and household.

99.     The wrongful policies, practices, customs, and/or usages complained of herein, demonstrated a deliberate indifference on the part of Defendant Athens County to the constitutional rights of Plaintiff, and were a direct and proximate cause of Plaintiff's rights alleged herein.

### Ninth Claim for Relief
**Against Defendants Jimmy Childs, James Bellar, Robert Bellar, Deborah Bellar, and Dove Outreach**
***Sex Trafficking of Children, or by Force Fraud or Coercion, in Violation of 18 U.S.C. § 1591(a)(1), § 1595(a)***

100.     Plaintiff re-alleges all prior paragraphs as if set out here in full.

101.     Plaintiff is authorized to bring this civil claim against Defendants pursuant to the civil remedies provision of 18 U.S.C. § 1595(a).

102.     In violation of 18 U.S.C. §§ 1591(a)(1) and 1595(a), Defendants knowingly and fraudulently recruited, enticed, harbored, transported, and benefitted from Plaintiff's labor and services, knowing that means of force, fraud, coercion, and the combination of such means would be used to force Plaintiff to engage in sex acts affecting interstate and/or foreign commerce through the Dove Outreach Church.

103.     In addition, Defendant Childs aided and abetted in the violations of 18 U.S.C. § 1591(a) by providing knowing and substantial assistance when he knew or

should have known that Plaintiff had been recruited, transported, or obtained by any means for labor or services.

104.     Defendant Dove Outreach Church benefitted (financially and otherwise) from the sexual abuse of Plaintiff by collecting money through sponsorships, donations, and member fees and otherwise, knowing that Plaintiff was being repeatedly sexually abused and raped.

105.     As a direct and proximate result of the actions of the Defendants, Plaintiff has suffered severe emotional distress, physical injuries, and economic losses, and these injuries continue.

106.     Plaintiff claims damages in an amount to be proven at trial, including attorneys' fees, liquidated damages, injunctive relief, and other relief that the Court may deem proper.

### Tenth Claim for Relief
**Against Defendants Jimmy Childs, James Bellar, Robert Bellar, Deborah Bellar, and Dove Outreach**
*Sex Trafficking of Children, or by Force Fraud or Coercion, in Violation of 18 U.S.C. § 1591(a)(1), § 1595(a)*

107.     Plaintiff re-alleges all prior paragraphs as if set out here in full.

108.     Plaintiff is authorized to bring this civil claim against Defendants pursuant to the civil remedies provision of 18 U.S.C. § 1595(a).

109.     In violation of 18 U.S.C. § 1591(a)(2), § 1595(a), Defendants knowingly benefitted from participation in a venture with Dove Outreach Church and engaged in a violation of 18 U.S.C. § 1591(a)(1), knowingly or in reckless disregard of the fact that that means of force, threats of force, fraud, and/or coercion would be used to cause Plaintiff to engage in a commercial sex act.

110.     Defendants knowingly benefitted (financially and otherwise) from

participation in a venture with Dove Outreach Church, which Defendants knew or should have known was engaging in acts violating the TVPA.

111.    In addition, Defendants aided and abetted the violations of 18 U.S.C. § 1591(a) by providing knowing and substantial assistance to Dove Outreach Church when it knew or should have known that Dove Outreach Church was engaged in sexual abuse of minors.

112.    Dove Outreach Church benefitted (financially and otherwise) from sexual abuse of minors by collecting money through donations and membership fees.

113.    As a direct and proximate result of the actions of the Defendants, Plaintiff has suffered severe emotional distress, physical injuries, and economic losses, and these injuries continue.

114.    Plaintiff's claims damages in an amount to be proven at trial, including attorneys'fees, injunctive relief, liquidated damages, and other relief that the Court may deem proper.

### Eleventh Claim for Relief
**Against Defendants Jimmy Childs, James Bellar, Robert Bellar, Deborah Bellar, and Dove Outreach**
*Obstruction, Attempted Obstruction, Interference with Enforcement in Violation of 18 U.S.C. § 1590(b), § 1591(d), § 1595(a), and § 2255*

115.    Plaintiff re-alleges all prior paragraphs as if set out here in full.

116.    Plaintiff  is authorized to bring this civil claim against Defendants pursuant to the civil remedies provision of 18 U.S.C. § 1595(a) and § 2255.

117.    In violation of 18 U.S.C. §§ 1590(b), 1591(d), and 1595(a), Defendants obstructed, attempted to obstruct, interfered, and or prevented the enforcement of these sections by ignoring verbal and written complaints of sexual abuse; dismissing complaints of sexual abuse; refusing to act on reports of sexual abuse; threatening

athletes with consequences for the abuse that was occurring to them; making false statements about Plaintiff; and feeding false information to investigators about Plaintiff.

118.     As a direct and proximate result of the actions of the Defendants, Plaintiff has suffered severe emotional distress, physical injuries, and economic losses.

119.     Plaintiff claims damages in an amount to be proven at trial, including attorneys' fees, injunctive relief, liquidated damages, and other relief that the Court may deem proper.

**<u>Twelfth Claim for Relief</u>**
**Against Defendants Jimmy Childs, James Bellar, Robert Bellar, Deborah Bellar, and Dove Outreach**
***Violation of 18 U.S.C. § 1962(c) –***
***Racketeer Influenced Criminal Organization (RICO) Act***

120.     Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

121.     Defendants are persons within the meaning of 18 U.S.C. § 1961(3).

122.     At all relevant times, the "Bellar Enterprise" constituted an "Enterprise" within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c). At all relevant times, the Bellar Enterprise, through Defendants Jimmy Childs, James Bellar, Robert Bellar, Deborah Bellar, and Dove Outreach, was engaged in, and/or its activities affected, interstate commerce and/or foreign commerce within the meaning of 18 U.S.C. § 1962(c).

123.     At all relevant times, the Defendants who comprise the Bellar Enterprise participated in the operation, management, and directed the affairs of the

Bellar Enterprise. The Bellar Enterprise acted in the furtherance of the criminal, violent, and conspiracy providing financial and logistical support for the acts carried out by agents and allies of the Bellar Enterprise, Defendants and co-conspirators, causing great injury to Plaintiff.

124.    The Defendants' activities were interrelated, not isolated, and involved a calculated series of repeated violations of the law in order to conceal and promote illegal activity, namely the support of a conspiratorial plot involving the sexual abuse of the minor Plaintiff and other minors in addition to the sexual abuse itself. The Defendants are directly involved in this violent, criminal, and abusive conspiracy and engaged in financial transactions in furtherance of the conspiracy.

125.    The pattern of racketeering and activity described herein constitutes a violation of 18 U.S.C. § 1962(c).

126.    Defendants funneled or were deliberately indifferent to the funneling of money through the Bellar Enterprise and, more specifically, Dove Outreach Church, in violation of 18 U.S.C. § 1956(a)(3)(A) and 18 U.S.C. § 1956(a)(3)(B).

127.    Defendant members of the Bellar Enterprise engaged in such acts with the specific intent of furthering that scheme, willfully and with knowledge of the illegality of said scheme.

128.    Plaintiff is entitled to treble damages and attorney's fees and costs pursuant to 18 U.S.C. §1964 (c).

### Thirteenth Claim for Relief
**Against Defendants Jimmy Childs, James Bellar, Robert Bellar, Deborah Bellar, and Dove Outreach**
*Ohio Corrupt Practices Act, ORC 2923.34 (Ohio RICO)*

129.    Plaintiff re-alleges all prior paragraphs as if set out here in full.

19

130.    O.R.C. § 2923.32(A)(1) provides that, "[no] person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity or the collection of an unlawful debt."

131.    Defendants did conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity, as described in this Complaint.

132.    The actions taken by Defendants constitute the crimes of Obstructing Justice, Tampering with Evidence, Endangering Children, and Conspiracy to conceal sexual abuse of Plaintiff within the Bellar household. Defendant Childs also sexually harassed Plaintiff.

133.    Defendants acts were willful, egregious, malicious, and worthy of substantial sanction to punish and deter Defendant from engaging in this type of unlawful conduct in the future.

134.    Defendants did conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity, as described in this Complaint.

135.    The actions and inactions as alleged herein against Defendants constitute the crimes of Endangering Children and Conspiracy to conceal sexual abuse of Plaintiff.

136.    Defendants' acts were willful, egregious, malicious, and worthy of substantial sanction to punish and deter Defendants from engaging in this type of unlawful conduct in the future.

137.    As a direct and proximate result of Defendants' unlawful activity,

Plaintiff has suffered and continues to suffer extensive economic and non-economic damages.

138.    Plaintiff is entitled to treble damages and attorneys' fees pursuant to ORC 2923.34 (E).

## VI.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jane Doe respectfully demands judgment against Defendants and asks the Court for the following relief:

(a) Compensatory damages on each claim set forth in the Amended Complaint to reflect the damages Plaintiff sustained and has continued to sustain since the events described in the Complaint took place;

(b) Economic damages, including past and future medical bills and lost wages;

(c) Non-economic damages, including past and future emotional distress, loss of normal life, disability, and psychological damages;

(d) Punitive damages in an amount to be determined at trial;

(e) Statutory liquidated damages;

(f) Pre and post judgment interest;

(g) Attorneys' fees and costs; and

(h) Such additional relief as the Court deems just and equitable.

JURY DEMAND

Plaintiff Jane Doe demands trial by jury on all counts of the Complaint.

DATED: February 20, 2022

Respectfully submitted,

_s/ Michael L. Fradin_
Attorney for Plaintif
8 N. Court St. Suite 403
Athens, Ohio 45701
P: 847-986-5889
F: 847-673-1228
mike@fradinlaw.com