UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JANE DOE,

      **Plaintiff,**

  v.                                         **Case No. 2:22-cv-855**
                                              **Judge Edmund A. Sargus, Jr.**
                                              **Magistrate Judge Chelsey M. Vascura**

ATHENS COUNTY, *et al.*,

      **Defendants.**

## ORDER

This matter is before the Court on Plaintiff's Motion to Proceed Anonymously. (ECF No. 7.) Plaintiff filed her Complaint on February 21, 2022, identifying herself as Jane Doe. (ECF No. 1.) The claims in Plaintiff's Complaint arise out of allegations of sexual abuse she suffered as a child, and the Complaint states that "Jane Doe is a biological child of [Defendants] Robert Bellar and Deborah Bellar." (*Id.* at ¶ 1.) Plaintiff's Motion further states that, "[a]s the facts underlying this case have been heavily covered by the media, it is no secret that Plaintiff is the person previously known as Serah Bellar." (Mot. 2, ECF No. 7.) "However, Plaintiff's legal name is no longer Serah Bellar and Plaintiff has gone to great lengths to keep her legal name confidential" "because she has received threats from members of the Bellar family." (*Id.*)

Generally, a complaint must state the names of all the parties. Fed. R. Civ. P. 10(a). However, the Court "may excuse plaintiffs from identifying themselves in certain circumstances." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). "In exercising its discretion, a court must balance the public's common law right of access to court proceedings against the interests of litigants in nondisclosure." *Malibu Media, LLC v. Doe*, No. 2:15-CV-2519, 2015 WL

12698036, at *1 (S.D. Ohio Aug. 26, 2015) (citing *In re Polemar Constr. Ltd. P'ship*, 23 F. App'x. 423, 425 (6th Cir. 2001). To determine whether a plaintiff's privacy interests outweigh the presumption in favor of openness, the United States Court of Appeals for the Sixth Circuit has identified factors to consider, including:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Porter*, 370 F. 3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)). It is also relevant to consider whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case. *Id.* at 561.

The Court is persuaded that disclosure of Plaintiff's identity would equate to a disclosure of information "of the utmost intimacy." *Porter*, 371 F.3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981). Plaintiff alleges sexual and physical abuse by her family when she was a child. (*See generally* Complaint, ECF No. 1.) Courts throughout the country have routinely found that the privacy interests of alleged sexual assault victims outweigh the presumption in favor of openness. *See Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) ("[F]ictitious names are allowed when necessary to protect the privacy of . . . rape victims, and other particularly vulnerable parties or witnesses."); *K.S. v. Detroit Pub. Sch.*, No. 14-12214, 2015 WL 13358204, at *3 (E.D. Mich. July 22, 2015) (allowing alleged sexual assault victim to proceed anonymously). Moreover, Defendants will not be prejudiced, because there is no issue as to Plaintiff's identity as the person formerly known as Serah Bellar.

Under the circumstances, the Court finds compelling reasons to protect Plaintiff's privacy and shield her from discrimination and harassment. Therefore, Plaintiff's Motion to Proceed Anonymously is **GRANTED**. (ECF No. 7.)

It is further **ORDERED** that:

(1) In all publicly-filed documents, Plaintiff shall be identified only as Jane Doe. All documents filed with this Court that contain the current legal name of Plaintiff, or contain information would permit identification of her current legal name, directly or indirectly, shall be filed *in camera*. The filing party must also contemporaneously file a public version with any identifying information redacted.

(2) The parties shall take all other reasonable steps to prevent Plaintiff's current legal name from being disclosed.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE