**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Jane Doe, | : | Case No. 2:22-cv-855 |
| | : | |
| Plaintiff, | : | Judge Sargus |
| | : | Magistrate Judge Jolson |
| v. | : | |
| | : | |
| Athens County et al., | : | JURY DEMAND ENDORSED HEREON |
| | : | |
| Defendants. | : | |

---

## ANSWER OF DEFENDANT ATHENS COUNTY

---

Now come Defendant Athens County ("Defendant"), by and through counsel, and for its answer to Plaintiff's Complaint herein state as follows:

Introductory Paragraph: The Complaint's introductory paragraph does not contain factual allegations and no response is therefore required. To the extent a response is required, Defendant denies the allegations.

1.     Defendant admits that Plaintiff, proceeding as "Jane Doe", is a biological child of Robert Bellar and Deborah Bellar.

2.     The allegation in paragraph 2 of Plaintiff's Complaint that Athens County is a person subject to suit withing the meaning of 42 U.S.C. § 1983 is a legal conclusion to which no response is required. Further answering, Defendant denies the remaining allegations in paragraph 2 of Plaintiff's Complaint.

FD
AR
FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP
Attorneys at Law

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

3. Defendant admits that Jimmy Childs was formerly employed by the Athens County Sheriff's Office as a sergeant. Further answering, Defendant denies the remaining allegations in paragraph 3 of Plaintiff's Complaint.

4. Defendant admits that Plaintiff is a child of Robert Bellar. Further answering, Defendant denies the remaining allegations in paragraph 4 of Plaintiff's Complaint for want of knowledge.

5. Defendant admits that Plaintiff is a child of Deborah Bellar. Further answering, Defendant denies the remaining allegations in paragraph 5 of Plaintiff's Complaint for want of knowledge.

6. Defendant denies the allegations in paragraph 6 of Plaintiff's Complaint for want of knowledge.

7. Defendant denies the allegations in paragraph 7 of Plaintiff's Complaint for want of knowledge.

8. Paragraph 8 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Paragraph 9 of Plaintiff's Complaint does not contain factual allegations and no response is therefore required.

10. Paragraph 10 of Plaintiff's Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant denies the allegations in paragraph 11 of Plaintiff's Complaint for want of knowledge.



FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP
Attorneys at Law

2

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

12.     Defendant denies the allegations in paragraph 12 of Plaintiff's Complaint for want of knowledge.

13.     Defendant denies the allegations in paragraph 13 of Plaintiff's Complaint for want of knowledge.

14.     Defendant denies the allegations in paragraph 14 of Plaintiff's Complaint for want of knowledge.

15.     Defendant admits that Jimmy Childs was criminally charged with Tampering with Evidence and Obstructing Justice as alleged in paragraph 15 of Plaintiff's Complaint.

16.     Defendant denies the allegations in paragraph 16 of Plaintiff's Complaint.

17.     Defendant denies the allegations in paragraph 17 of Plaintiff's Complaint for want of knowledge.

18.     Defendant denies the allegations in paragraph 18 of Plaintiff's Complaint for want of knowledge.

19.     Defendant denies the allegations in paragraph 19 of Plaintiff's Complaint for want of knowledge.

20.     Defendant denies the allegations in paragraph 20 of Plaintiff's Complaint for want of knowledge.

21.     Defendant denies the allegations in paragraph 21 of Plaintiff's Complaint for want of knowledge.

22.     Defendant denies the allegations in paragraph 22 of Plaintiff's Complaint for want of knowledge.

23.     Defendant denies the allegations in paragraph 23 of Plaintiff's Complaint for want of knowledge.



FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law

3

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

24.     Defendant denies the allegations in paragraph 24 of Plaintiff's Complaint for want of knowledge.

25.     Defendant denies the allegations in paragraph 25 of Plaintiff's Complaint for want of knowledge.

26.     Defendant denies the allegations in paragraph 26 of Plaintiff's Complaint for want of knowledge.

27.     Defendant denies the allegations in paragraph 27 of Plaintiff's Complaint.

28.     Defendant denies the allegations in paragraph 28 of Plaintiff's Complaint for want of knowledge.

29.     Defendant denies the allegations in paragraph 29 of Plaintiff's Complaint for want of knowledge.

30.     Defendant denies the allegations in paragraph 30 of Plaintiff's Complaint for want of knowledge.

31.     Defendant denies the allegations in paragraph 31 of Plaintiff's Complaint for want of knowledge.

32.     Defendant denies the allegations in paragraph 32 of Plaintiff's Complaint for want of knowledge.

33.     Defendant denies the allegations in paragraph 33 of Plaintiff's Complaint for want of knowledge.

34.     Defendant denies the allegations in paragraph 34 of Plaintiff's Complaint for want of knowledge.

35.     The allegations in paragraph 35 of Plaintiff's Complaint are legal conclusions to which no response is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 35 of Plaintiff's Complaint for want of knowledge.

36.     Defendant denies the allegations in paragraph 36 of Plaintiff's Complaint for want of knowledge.

37.     Defendant admits that Jimmy Childs pled guilty to disorderly conduct and agreed to surrender his Ohio Peace Officer Training Academy certificate and refrain from working in law enforcement.  Further answering, Defendant denies that the plea was in connection to the allegations in Plaintiff's Complaint and the remaining allegations in paragraph 37 of Plaintiff's Complaint.

38.     Defendant denies the allegations in paragraph 38 of Plaintiff's Complaint for want of knowledge.

39.     Defendant admits receiving text messages in February 2017.  Further answering, Defendant avers that those messages speak for themselves.  Further answering, Defendant denies the remaining allegations in paragraph 39 of Plaintiff's Complaint for want of knowledge.

40.     Defendant denies the allegations in paragraph 40 of Plaintiff's Complaint.

41.     Defendant avers that reports received by Athens County Children Services speak for themselves.  Further answering, Defendant denies the remaining allegations in paragraph 41 of Plaintiff's Complaint.

42.     Defendant admits that Prosecutor Blackburn made public statements concerning Plaintiff.  Further answering, Defendant avers that those statements speak for themselves.

43.     Defendant admits that Plaintiff made reports of sexual abuse.  Further answering, Defendant denies the remaining allegations in paragraph 43 of Plaintiff's Complaint.


FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP
Attorneys at Law

5

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

44.     Defendant denies the allegations in paragraph 44 of Plaintiff's Complaint.

45.     The allegations in paragraph 45 of Plaintiff's Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 45 of Plaintiff's Complaint.

46.     Defendant restates its answers to paragraphs 1 through 45 as if fully rewritten herein.

47.     The allegations contained in paragraph 47 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required.  To the extent a response is required, answering Defendant denies the allegations.

48.     The allegations contained in paragraph 48 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required.  To the extent a response is required, answering Defendant denies the allegations.

49.     The allegations contained in paragraph 49 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required.  To the extent a response is required, answering Defendant denies the allegations.

50.     The allegations contained in paragraph 50 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required.  To the extent a response is required, answering Defendant denies the allegations.

51.     The allegations contained in paragraph 51 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required.  To the extent a response is required, answering Defendant denies the allegations.

FD AR LLC

FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law

6

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

52.     The allegations contained in paragraph 52 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required.  To the extent a response is required, answering Defendant denies the allegations.

53.     The allegations contained in paragraph 53 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required.  To the extent a response is required, answering Defendant denies the allegations.

54.     Defendant restates its answers to paragraphs 1 through 53 as if fully rewritten herein.

55.     Paragraph 55 of Plaintiff's Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendant avers that the referenced statute speaks for itself.

56.     Paragraph 56 of Plaintiff's Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendant avers that the referenced statute speaks for itself.

57.     The allegations contained in paragraph 57 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required.  To the extent a response is required, answering Defendant denies the allegations.

58.     The allegations contained in paragraph 58 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required.  To the extent a response is required, answering Defendant denies the allegations.

59.     The allegations contained in paragraph 59 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required.  To the extent a response is required, answering Defendant denies the allegations.

FD
AR

FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law

7

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

60.     The allegations contained in paragraph 60 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required. To the extent a response is required, answering Defendant denies the allegations.

61.     Defendant restates its answers to paragraphs 1 through 60 as if fully rewritten herein.

62.     The allegations contained in paragraph 62 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required. To the extent a response is required, answering Defendant denies the allegations.

63.     Paragraph 63 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant avers that the referenced statute speaks for itself.

64.     The allegations contained in paragraph 64 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required. To the extent a response is required, answering Defendant denies the allegations.

65.     The allegations contained in paragraph 65 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required. To the extent a response is required, answering Defendant denies the allegations.

66.     The allegations contained in paragraph 66 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required. To the extent a response is required, answering Defendant denies the allegations.

67.     The allegations contained in paragraph 67 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required. To the extent a response is required, answering Defendant denies the allegations.


FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law

8

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

68. The allegations contained in paragraph 68 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required. To the extent a response is required, answering Defendant denies the allegations.

69. The allegations contained in paragraph 69 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required. To the extent a response is required, answering Defendant denies the allegations.

70. Defendant restates its answers to paragraphs 1 through 69 as if fully rewritten herein.

71. The allegations contained in paragraph 71 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required. To the extent a response is required, answering Defendant denies the allegations.

72. The allegations contained in paragraph 72 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required. To the extent a response is required, answering Defendant denies the allegations.

73. The allegations contained in paragraph 73 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required. To the extent a response is required, answering Defendant denies the allegations.

74. Defendant restates its answers to paragraphs 1 through 73 as if fully rewritten herein.

75. The allegations contained in paragraph 75 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required. To the extent a response is required, answering Defendant denies the allegations.

FD
AR
LLP
FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law

9

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

76. The allegations contained in paragraph 76 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required. To the extent a response is required, answering Defendant denies the allegations.

77. The allegations contained in paragraph 77 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required. To the extent a response is required, answering Defendant denies the allegations.

78. Defendant restates its answers to paragraphs 1 through 77 as if fully rewritten herein.

79. The allegations contained in paragraph 79 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required. To the extent a response is required, answering Defendant denies the allegations.

80. Paragraph 80 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant avers that the referenced statute speaks for itself.

81. Paragraph 81 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant avers that the referenced statute speaks for itself.

82. The allegations contained in paragraph 82 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required. To the extent a response is required, answering Defendant denies the allegations.

83. The allegations contained in paragraph 83 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required. To the extent a response is required, answering Defendant denies the allegations.

FD
AR
LLP™

FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law

10

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

84.    The allegations contained in paragraph 84 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required. To the extent a response is required, answering Defendant denies the allegations.

85.    Defendant restates its answers to paragraphs 1 through 84 as if fully rewritten herein.

86.    Defendant denies the allegations in paragraph 86 of Plaintiff's Complaint.

87.    Defendant denies the allegations in paragraph 87 of Plaintiff's Complaint.

88.    Defendant avers that reports received by Athens County Children Services speak for themselves. Further answering, Defendant denies the remaining allegations in paragraph 88 of Plaintiff's Complaint.

89.    Defendant admits receiving text messages in February 2017. Further answering, Defendant avers that those messages speak for themselves. Further answering, Defendant denies the remaining allegations in paragraph 89 of Plaintiff's Complaint for want of knowledge.

90.    Defendant denies the allegations in paragraph 90 of Plaintiff's Complaint.

91.    Defendant denies the allegations in paragraph 91 of Plaintiff's Complaint.

92.    Defendant denies the allegations in paragraph 92 of Plaintiff's Complaint.

93.    Defendant restates its answers to paragraphs 1 through 92 as if fully rewritten herein.

94.    Defendant denies the allegations in paragraph 94 of Plaintiff's Complaint.

95.    Defendant avers that reports received by Athens County Children Services speak for themselves. Further answering, Defendant denies the remaining allegations in paragraph 95 of Plaintiff's Complaint.


FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law

11

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

96.    Defendant admits receiving text messages in February 2017.  Further answering, Defendant avers that those messages speak for themselves.  Further answering, Defendant denies the remaining allegations in paragraph 96 of Plaintiff's Complaint for want of knowledge.

97.    Defendant denies the allegations in paragraph 97 of Plaintiff's Complaint.

98.    Defendant denies the allegations in paragraph 98 of Plaintiff's Complaint.

99.    Defendant denies the allegations in paragraph 99 of Plaintiff's Complaint.

100.    Defendant restates its answers to paragraphs 1 through 99 as if fully rewritten herein.

101.    Paragraph 101 of Plaintiff's Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendant avers that the referenced statute speaks for itself.

102.    The allegations contained in paragraph 102 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required.  To the extent a response is required, answering Defendant denies the allegations.

103.    The allegations contained in paragraph 103 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required.  To the extent a response is required, answering Defendant denies the allegations.

104.    The allegations contained in paragraph 104 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required.  To the extent a response is required, answering Defendant denies the allegations.

105.    The allegations contained in paragraph 105 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required.  To the extent a response is required, answering Defendant denies the allegations.



FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law

12

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

106. The allegations contained in paragraph 106 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required. To the extent a response is required, answering Defendant denies the allegations.

107. Defendant restates its answers to paragraphs 1 through 106 as if fully rewritten herein.

108. Paragraph 108 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant avers that the referenced statute speaks for itself.

109. The allegations contained in paragraph 109 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required. To the extent a response is required, answering Defendant denies the allegations.

110. The allegations contained in paragraph 110 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required. To the extent a response is required, answering Defendant denies the allegations.

111. The allegations contained in paragraph 111 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required. To the extent a response is required, answering Defendant denies the allegations.

112. The allegations contained in paragraph 112 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required. To the extent a response is required, answering Defendant denies the allegations.

113. The allegations contained in paragraph 113 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required. To the extent a response is required, answering Defendant denies the allegations.

FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law

13

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

114. The allegations contained in paragraph 114 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required. To the extent a response is required, answering Defendant denies the allegations.

115. Defendant restates its answers to paragraphs 1 through 114 as if fully rewritten herein.

116. Paragraph 116 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant avers that the referenced statute speaks for itself.

117. The allegations contained in paragraph 117 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required. To the extent a response is required, answering Defendant denies the allegations.

118. The allegations contained in paragraph 118 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required. To the extent a response is required, answering Defendant denies the allegations.

119. The allegations contained in paragraph 119 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required. To the extent a response is required, answering Defendant denies the allegations.

120. Defendant restates its answers to paragraphs 1 through 119 as if fully rewritten herein.

121. Paragraph 121 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant avers that the referenced statute speaks for itself.

122.     Paragraph 122 of Plaintiff's Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendant avers that the referenced statutes speak for themselves.  Further answering, to the extent paragraph 122 of Plaintiff's Complaint contains factual allegations, those allegations are not alleged against answering Defendant and therefore no response is required.  To the extent a response is required, answering Defendant denies the allegations.

123.     The allegations contained in paragraph 123 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required.  To the extent a response is required, answering Defendant denies the allegations.

124.     The allegations contained in paragraph 124 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required.  To the extent a response is required, answering Defendant denies the allegations.

125.     Paragraph 125 of Plaintiff's Complaint states legal conclusions to which no response is required.  Further answering, to the extent paragraph 125 of Plaintiff's Complaint contains factual allegations, those allegations are not alleged against answering Defendant and therefore no response is required.  To the extent a response is required, answering Defendant denies the allegations.

126.     Paragraph 126 of Plaintiff's Complaint states legal conclusions to which no response is required.  Further answering, to the extent paragraph 126 of Plaintiff's Complaint contains factual allegations, those allegations are not alleged against answering Defendant and therefore no response is required.  To the extent a response is required, answering Defendant denies the allegations.

FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law

15

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

127.     The allegations contained in paragraph 127 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required.  To the extent a response is required, answering Defendant denies the allegations.

128.     The allegations contained in paragraph 128 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required.  To the extent a response is required, answering Defendant denies the allegations.

129.     Defendant restates its answers to paragraphs 1 through 128 as if fully rewritten herein.

130.     Paragraph 130 of Plaintiff's Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendant avers that the referenced statute speaks for itself.

131.     The allegations contained in paragraph 131 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required.  To the extent a response is required, answering Defendant denies the allegations.

132.     The allegations contained in paragraph 132 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required.  To the extent a response is required, answering Defendant denies the allegations.

133.     The allegations contained in paragraph 133 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required.  To the extent a response is required, answering Defendant denies the allegations.

134.     The allegations contained in paragraph 134 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required.  To the extent a response is required, answering Defendant denies the allegations.

FD AR

FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law

16

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

135. The allegations contained in paragraph 135 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required. To the extent a response is required, answering Defendant denies the allegations.

136. The allegations contained in paragraph 136 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required. To the extent a response is required, answering Defendant denies the allegations.

137. The allegations contained in paragraph 137 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required. To the extent a response is required, answering Defendant denies the allegations.

138. The allegations contained in paragraph 138 of Plaintiff's Complaint are not alleged against answering Defendant and therefore no response is required. To the extent a response is required, answering Defendant denies the allegations.

139. The answering Defendant denies each and every allegation contained in Plaintiff's Complaint to the extent not specifically admitted herein.

## FIRST DEFENSE:

140. Plaintiff's Complaint fails to state claims upon which relief can be granted.

## SECOND DEFENSE:

141. Plaintiff has or may have failed to exhaust all administrative remedies.

## THIRD DEFENSE:

142. Plaintiff's conduct, in whole or in part, bars Plaintiff's claims for relief.

FD
AR LLP

FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law

17

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

## FOURTH DEFENSE:

143.    Plaintiff's claims against answering Defendant are expressly subject to, barred or limited by the provisions of Ohio's Political Subdivision Tort Immunity Statute, Ohio Revised Code § 2744.

## FIFTH DEFENSE:

144.    Plaintiff's claims for damages may be barred, in whole or in part, by prior subsequent intervening or superseding acts, omissions or causes, and/or by the acts or omissions of individuals or entities over whom answering Defendant had no control or right of control.

## SIXTH DEFENSE:

145.    Plaintiff's claims may be barred, in whole or in part, by a failure to mitigate damages.

## SEVENTH DEFENSE:

146.    Plaintiff's claims may be barred by her failure to join any party or parties under Rule 19 and/or 19.1.

## EIGHTH DEFENSE:

147.    Plaintiff's claims may be barred in whole or in part by a lack of capacity and/or standing to seek the relief for which she prays, or because this matter as brought is non-justiciable.

## NINTH DEFENSE:

148.    Answering Defendant is entitled to immunity, including statutory, absolute, and qualified immunity, and also immunity from punitive damages.

## TENTH DEFENSE:

149.    Answering Defendant is entitled to a setoff of damages and/or limitation of damages pursuant to statute.



FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law

18

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

### ELEVENTH DEFENSE:

150.    Plaintiff's Complaint fails to state facts sufficient to entitle Plaintiff to an award of punitive damages against answering Defendant.

### TWELFTH DEFENSE:

151.    Plaintiff's claims for punitive damages cannot be sustained because answering Defendant did not act with reckless and callous indifference to Plaintiff's rights.

### THIRTEENTH DEFENSE:

152.    Plaintiff's claims are barred by the applicable statutes of limitation.

### FOURTEENTH DEFENSE:

153.    Plaintiff is barred from relief because answering Defendant acted lawfully at all times.

### FIFTEENTH DEFENSE:

154.    Plaintiff is barred from relief by the doctrine of privilege.

### SIXTEENTH DEFENSE:

155.    Plaintiff is barred from relief because answering Defendant acted in good faith.

### SEVENTEENTH DEFENSE:

156.    Plaintiff is estopped from asserting some or all of her claims.

### EIGHTEENTH DEFENSE:

157.    Plaintiff is barred from relief by the doctrine of res judicata.

### NINETEENTH DEFENSE:

158.    Plaintiff is barred from relief by the doctrine of waiver.

FD AR LLP™

FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law

19

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

## TWENTIETH DEFENSE:

159.     Answering Defendant hereby gives notice that it intends to rely upon and utilize any other affirmative defenses that might become available or apparent during the course of discovery and hereby reserve the right to amend this Answer to assert such defense or defenses.

**WHEREFORE**, Athens County demands that Plaintiff's claims against it be dismissed in their entirety and with prejudice.

Respectfully submitted,

/s/ Melanie J. Williamson
Melanie J. Williamson (0079528)
Anthony J. Molnar (0081163)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP**
7775 Walton Parkway, Suite 200
New Albany, Ohio 43054
(614) 221-1216 - Telephone
(614) 221-8769 – Facsimile
mwilliamson@fisheldowney.com
tmolnar@fisheldowney.com
*Attorney for Defendant Athens County*

## JURY DEMAND

Answering Defendant hereby demands a trial by jury on all issues herein triable.

/s/ Melanie J. Williamson
Melanie J. Williamson (0079528)
Anthony J. Molnar (0081163)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP**
7775 Walton Parkway, Suite 200
New Albany, Ohio 43054
(614) 221-1216 - Telephone
(614) 221-8769 – Facsimile
mwilliamson@fisheldowney.com
tmolnar@fisheldowney.com
*Attorney for Defendant Athens County*



FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law

20

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

## CERTIFICATE OF SERVICE

This certifies that the foregoing was filed electronically this 4th day of April 2022.  Notice of this filing will be sent to all counsel by operation of the Court's electronic filing system, as certified by the Court's Certificate of Service generated upon filing.

/s/ Melanie J. Williamson _____
Melanie J. Williamson (0079528)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP**
*Attorney for Defendant Athens County*

CORSA Litigation\Athens\Bellar\Pleadings (word)\Answer of Defendant Athens County.docx

FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law
21
7775 Walton Parkway
Suite 200
New Albany, Ohio 43054
(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com