**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JANE DOE, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:22-cv-855 |
| | : | |
| *vs.* | : | Judge Edmund A. Sargus, Jr. |
| | : | |
| ATHENS COUNTY, *et. al.*, | : | Mag. Judge Jolson |
| | : | |
| Defendants. | : | **JURY DEMAND ENDORSED HEREIN** |

**ANSWER OF DEFENDANT JIMMY CHILDS TO PLAINTIFF'S COMPLAINT**

Now comes Defendant Jimmy Childs (hereinafter "Defendant"), by and through counsel, and for his Answer to Plaintiff's Complaint (Doc. 1) hereby states as follows:

1. Responding, generally, to Plaintiff's Complaint, Defendant states and avers that in his more than thirty-year law enforcement career, he maintained a stellar reputation and was the recipient of several prestigious awards, including but not limited to: (1) Officer of the Year as awarded by The Plains V.F.W for his work with area youth as part of the D.A.R.E. program and (2) School Resource Officer of the Year as awarded by the Ohio School Resource Officers Association.  Defendant denies the allegations made against him; denies any knowledge of the allegations that Plaintiff makes against her own family members; and denies any involvement in the allegations that Plaintiff makes against her own family.  Defendant received a phone call from Robert Bellar on the day a search warrant was being executed at the Bellar home.  Defendant was acquainted with Robert Bellar and the Bellar family through their involvement with the Explorers' Program.  Defendant was unaware that a search warrant for the Bellar home had ever been sought; that a search was going to be conducted at the home; or why said search was being conducted.  In response to Robert Bellar's questions about the search that day, Defendant did not have any information about the search warrant and was not involved in any respect.  Defendant then deleted

the call from his call log, as was his practice for individuals with whom Defendant did not regularly converse.

2. Upon information and belief, Defendant admits paragraphs 1, 4, and 5 of Plaintiff's Complaint.

3. Defendant denies paragraphs 3, 18, 21, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 47, 48, 49, 50, 51, 52, 53, 57, 58, 59, 60, 62, 65, 66, 67, 68, 69, 72, 73, 75, 76, 77, 79, 82, 83, 84, 102, 103, 105, 106, 109, 110, 111, 113, 114, 117, 118, 119, 122, 123, 124, 125, 126, 127, 128, 131, 132, 133, 134, 135, 136, 137, and 138 of Plaintiff's Complaint.

4. Responding to paragraphs 6, 7, 11, 12, 13, 14, 22, 38, 39, 40, 41, 42, 43, 44, 64, 104, and 112 of Plaintiff's Complaint, Defendant states and avers that he is without knowledge or information sufficient to form a belief as to the truth alleged therein and therefore denies the same.

5. Responding to paragraphs 2, 8, 9, 10, 45, 55, 56, 63, 80, 81, 101, 108, 116, 121, and 130 of Plaintiff's Complaint, Defendant states and avers that said paragraphs set forth legal conclusions to which no responsive pleading is required. To the extent that said paragraphs are deemed to allege facts pertaining to Defendant, those allegations are denied.

6. Responding to paragraphs 15, 16, and 17 of Plaintiff's Complaint, Defendant admits that he was charged with tampering with evidence and obstructing justice, but denies and has always denied those charges. Further responding to said paragraphs, Defendant states and avers that he never had knowledge of any of the abuse that Plaintiff now alleges was perpetrated by members of her own family; that he was called by Robert Bellar on the day a search warrant was executed at the Bellar home, but that he was unaware of why a search warrant was executed at the Bellar home or even that a search warrant had been sought prior to being called by Robert Bellar on that day. Defendant denies the remainder of said paragraphs.

7. Responding to paragraphs 19 and 20 of Plaintiff's Complaint, Defendant states and avers that he was acquainted with the Bellar Family through their involvement with the Explorers' Program, but denies the remainder of said paragraphs.

8. Responding to paragraph 37 of Plaintiff's Complaint, Defendant states and avers that he plead guilty to disorderly conduct and agreed to separate from service and retire rather than pay legal fees he that could not afford to defend himself from charges he knew were untrue.

9. Responding to paragraph 71 of Plaintiff's Complaint, Defendant states and avers that he never breached any duty owed to Plaintiff and said paragraph is denied.

10. Responding to paragraphs 86, 87, 88, 89, 90, 91, 92, 94, 95, 96, 97, 98, and 99 of Plaintiff's Complaint, Defendant states and avers that said paragraphs are not alleged against answering Defendant and therefore no response is required.  To the extent said paragraphs are deemed to set forth allegations pertaining to Defendant, said paragraphs are denied.

11. Defendant denies all allegations not specifically admitted herein to be true.

**First Defense**

12. Defendant is entitled to immunity, including statutory, absolute, and qualified immunity, as well as immunity from punitive damages. This includes, but is not limited to the provisions of Ohio's Political Subdivision Tort Immunity Statute, Ohio Revised Code Chapter 2744 et. seq.

**Second Defense**

13. Plaintiff failed or may have failed to mitigate her damages in whole or in part.

**Third Defense**

14. Plaintiff has failed to state a claim upon which relief may be granted.

**Fourth Defense**

15. Plaintiff's own contributory and/or comparative negligence, assumption of the risks and/or misconduct may have caused or contributed to cause the injuries and damages of which she complains.

**Fifth Defense**

16. Plaintiff's claims for damages may be barred, in whole or in part, by prior, subsequent, intervening or superseding acts, events, omissions or causes or by others over whom Defendant had no control or right to control

**Sixth Defense**

17. Plaintiff's claims may be barred by his failure to join a necessary party or parties to this matter pursuant to Rules 19 and 19.1 of the Federal Rules of Civil Procedure.

**Seventh Defense**

18. Defendant's conduct was objectively reasonable at all times relevant to Plaintiff's Complaint.

**Eighth Defense**

19. Plaintiff cannot sustain a claim for punitive damages against Defendant.

**Ninth Defense**

20. Defendants acted reasonably and in good faith at all times relevant to Plaintiff's Complaint.

**Tenth Defense**

21. Plaintiff has failed to exhaust all administrative remedies.

**Eleventh Defense**

22. There has been a failure of service and failure of service of process.

**Fourteenth Defense**

23. Plaintiff has or may have failed to exhaust all administrative remedies.

**Fifteenth Defense**

24. Plaintiff's conduct, in whole or in part, bars Plaintiff's claims for relief.

**Sixteenth Defense**

25. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation

**Seventeenth Defense**

26. Plaintiff's claims may be barred in whole or in part by a lack of capacity and/or standing to seek the relief for which she prays, or because this matter as brought is non-justiciable.

**Eighteenth Defense**

27. Defendant is entitled to a setoff of damages and/or limitation of damages pursuant to statute.

**Nineteenth Defense**

28. Defendant hereby reserves the right to assert any additional avoidance or defense for which discovery reveals a basis and incorporate any defense asserted by any co-defendant in this matter.

WHEREFORE, Defendant Jimmy Childs asks the Court to deny all of Plaintiff's claims and requests for relief, dismiss this action and tax all costs of this case to Plaintiff.

Respectfully submitted,

/s/  Matthew S. Teetor
Andrew N. Yosowitz         (0075306)
Matthew S. Teetor           (0087009)
TEETOR | WESTFALL
200 E. Campus View Blvd., Ste. 200
Columbus, Ohio 43235
(614) 412-4000  |  Fax (614) 412-9012
email:  ayosowitz@teetorlaw.com
            mteetor@teetorlaw.com
*Attorneys for Defendant Jimmy Childs*

## JURY DEMAND

A trial by jury comprised of the maximum number of jurors permitted by law is hereby demanded.

/s/  Matthew S. Teetor
Matthew S. Teetor           (0087009)

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/  Matthew S. Teetor
Matthew S. Teetor           (0087009)