UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jane Doe,

        Plaintiff,

v.

Athens County, *et al.*,

        Defendants.

Case No. 2:22-cv-00855

JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is before the Court on Defendant Athens County's Motion to Stay (ECF No. 20). Based on the following, the Court **GRANTS** Defendant Athens County's motion.

### I.    Background

On February 21, 2022, Plaintiff filed a Complaint against Defendant Athens County and others. (ECF No. 1.) In her Complaint, Plaintiff alleges that she was sexually abused by her brothers Josiah and Jonathan Bellar between the ages of five and twelve, that she was physically abused by other family members, and that the defendants covered up the alleged abuse. (*Id.*) On May 18, 2021, Jonathan Bellar was indicted in case number 21-CR-0171 in the Athens County, Ohio Court of Common Pleas on one count of Gross Sexual Imposition in violation of § 2907.05 of the Ohio Revised Code. (ECF No. 20 at PageID #121.) The indictment identifies Plaintiff as Jonathan Bellar's alleged victim. (*Id.*) On April 15, 2022, Defendant Athens County filed a motion to stay this action pending the resolution of Jonathan Bellar's criminal prosecution for the alleged sexual abuse of Plaintiff. (*Id.*)

1

## II. Discussion

In her Complaint Plaintiff brings thirteen claims for relief, including three claims under 18 U.S.C. § 1595(a).  (ECF No. 1.)  According to § 1595(b), "[a]ny civil action filed under subsection (a) shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim[,]" and the term criminal action "includes investigation and prosecution and is pending until final adjudication in the trial court."  18 U.S.C. § 1595(b)(1) & (b)(2).

Plaintiff argues that instead of the stay requirement in § 1595(b)(1), this Court should apply the six-part test enumerated in *McCullaugh v. Krendick*.  *McCullaugh v. Krendick*, No. 5:07CV2341, 2009 WL 2929306, at *2 (N.D. Ohio Sept. 9, 2009) (directing courts to consider "1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest." (internal citations omitted)).  According to Plaintiff, a stay is not appropriate because Jonathan Bellar is not a party to this case, and because only three of the thirteen claims are brought pursuant to § 1595(a) and those three claims do not name Athens County as a defendant. (ECF No. 21 at PageID #145, 147.)

The language of § 1595(b)(1) is broad, stating that "*any* civil action . . . *shall* be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim."  18 U.S.C. § 1595(b)(1) (emphasis added).  Plaintiff's argument that this Court should instead apply the test enumerated in *McCullaugh* "is contrary to the statute's clear, broad, and mandatory language."  *Doe v. Mindgeek USA Inc.*, No. SACV2100338CJCADSX,

2021 WL 6618628, at *3 (C.D. Cal. Dec. 28, 2021). Although Jonathan Bellar is not a defendant in this case, Plaintiff's claims center largely on "systemic[] sexual[] abuse" at the hands of her brothers, Josiah and Jonathan Bellar. (ECF No. 1 at ¶ 14.) Section 1595(b)(1) "does not contain any limiting language suggesting that it applies only when there is an overlap in defendants in the relevant civil and criminal actions. Instead, the statute focuses on the identity of the claimant-victim and the conduct at issue in the civil and criminal actions." *Mindgeek*, 2021 WL 6618628, at *3. The statute requires that "a civil action be stayed if the victim of the criminal action is the same as the claimant in the civil action, and if the conduct underlying both cases arises out of the same occurrence." *Id.* The conduct underlying this case is the alleged abuse of Plaintiff and subsequent cover-up. Therefore, Jonathan Bellar's criminal case related to the alleged sexual abuse of Plaintiff fits within the stay requirements of § 1595(b)(1). Although only three of Plaintiff's claims arise under § 1595(a), and those claims do not name Athens County as a defendant, § 1595(b)'s broad language requires a stay of "any *civil action*," and "does not limit the stay to particular defendants or claims. . . . Section 1595 . . . does not speak of staying [only] particular claims." *Sharma v. Balwinder*, No. 21-CV-00480-BLF, 2021 WL 4865281, at *2 (N.D. Cal. Sept. 29, 2021) (emphasis in original) (internal citations omitted).

### III. Conclusion

Based on the foregoing, the Court **GRANTS** Defendant Athens County's Motion to Stay. This case is hereby stayed pending the resolution of the related criminal matter.

**IT IS SO ORDERED.**


**5/18/2022**                                         **s/Edmund A. Sargus, Jr.**
**DATE**                                                **EDMUND A. SARGUS, JR.**
                                                                  **UNITED STATES DISTRICT JUDGE**