IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| JANE DOE,<br><br>　　　　　Plaintiff,<br>　v.<br>ATHENS COUNTY;<br>JIMMY CHILDS;<br>JAMES BELLAR;<br>DOVE OUTREACH;<br>ROBERT BELLAR;<br>and<br>DEBORAH BELLAR;<br><br>　　　　　Defendants. | Case No. 2:22-cv-855<br><br>**RULE 26F Report**<br><br><br>Presiding Judge Sargus<br>Magistrate Judge Jolson |

## **RULE 26(f) REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on October 25, 2022 and was attended by:

James Bellar and Deborah Bellar,

 Michael Fradin                          , counsel for plaintiff(s) Jane Doe,

                             , counsel for plaintiff(s)                   ,

 Matthew Teetor                          , counsel for defendant(s) Jimmy Childs,

 Melanie Williamson                         , counsel for defendant(s) Athens County,

Anthony Molnar                              , counsel for defendant(s) Athens County,

Counsel represent that, during the meeting, they engaged in a meaningful attempt to meet and confer on the matters outlined below.

1. CONSENT TO MAGISTRATE JUDGE

Do the parties consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)?

_____Yes       __X_No

2. INITIAL DISCLOSURES

Have the parties agreed to make initial disclosures?

X Yes       _____No       _____The proceeding is exempt under Rule 26(a)(1)(B)

If yes, such initial disclosures shall be made by December 7, 2022.

1. VENUE AND JURISDICTION

Are there any contested issues related to venue or jurisdiction?

_____Yes    X No

If yes, describe the issue:

If yes, the parties agree that any motion related to venue or jurisdiction shall be filed by _____.

4. PARTIES AND PLEADINGS

   a. The parties agree that any motion or stipulation to amend the pleadings or to join additional parties shall be filed by February 15, 2023.

   b. If the case is a class action, the parties agree that the motion for class certification shall be filed by NA.

5. <u>MOTIONS</u>

    a. Are there any pending motion(s)?

       _____Yes  _____X_No

       If yes, indicate which party filed the motion(s), and identify the motion(s) by name and docket number:

    b. Are the parties requesting expedited briefing on the pending motion(s)?

       _____Yes  NA__No

       If yes, identify the proposed expedited schedule:

       Opposition to be filed by_____; Reply brief to be filed by_____.

6. <u>ISSUES</u>

Jointly provide a brief description of case, including causes of action set forth in the complaint, and indicate whether there is a jury demand:

    Plaintiff alleges that Defendants, Athens County, Jimmy Childs, James Bellar, Dove Outreach, Robert Bellar, and Deborah Bellar, were either negligent in and/or were actively involved in and/or deliberately indifferent towards and/or conspired to profit from sexual and physical abuse that Plaintiff suffered as a minor, and/or maintained policies or practices that resulted in the deprivation of Plaintiff's civil rights. Plaintiff alleges that former Athens County Sergeant Jimmy Childs sexually harassed Plaintiff when she was a minor and was deliberately indifferent to abuse that Plaintiff suffered as a minor and that various Athens County employees, including but not limited to Childs and other employees of Athens County Children's Services, had actual and/or constructive

knowledge of the abuse and, despite the notice was negligent and/or deliberately indifferent to the abuse. The Defendants deny these allegations.

Plaintiff has brought Against Defendant Jimmy Childs for *Violation of 42 U.S.C. § 1983, Civil Liability for Criminal Acts Under O.R.C. § 2307.60(A)(1), O.R.C. § 2921.32(A)(4) – Obstructing Justice,* and *Negligence;* against Defendants Jimmy Childs, James Bellar, Robert Bellar, Deborah Bellar, and Dove Outreach for *Civil Liability for Criminal Acts Under O.R.C. § 2307.60(A)(1) and O.R.C. § 2907.21 – 2907.22 Compelling and Promoting Prostitution;* against Defendants Jimmy Childs, James Bellar, Robert Bellar, Deborah Bellar, and Dove Outreach Civil Conspiracy Against Defendants Jimmy Childs, James Bellar, Robert Bellar, Deborah Bellar, and Dove Outreach for *Civil Liability for Criminal Acts Under O.R.C. § 2307.60(A)(1) and O.R.C. § 2919.22(A) – Endangering Children*; against Defendant Athens County, Ohio for *Violation of 42 U.S.C. § 1983 – Monell Liability*; against Defendant Athens County, Ohio for *Gross Negligence*; against Defendants Jimmy Childs, James Bellar, Robert Bellar, Deborah Bellar, and Dove Outreach for *Sex Trafficking of Children, or by Force Fraud or Coercion,in Violation of 18 U.S.C. §1591(a)(1), § 1595(a)*; against Defendants Jimmy Childs, James Bellar, Robert Bellar, Deborah Bellar, and Dove Outreach for *Sex Trafficking of Children, or by Force Fraud or Coercion,in Violation of 18 U.S.C. § 1591(a)(1), § 1595(a)*; against Defendants Jimmy Childs, James Bellar, Robert Bellar, Deborah Bellar, and Dove Outreach for *Obstruction, Attempted Obstruction, Interference with Enforcement inViolation of 18 U.S.C. § 1590(b), § 1591(d), § 1595(a), and § 2255*; against Defendants Jimmy Childs, James Bellar, Robert Bellar, Deborah Bellar, and Dove Outreach for *Violation of 18 U.S.C. § 1962(c) – Racketeer Influenced Criminal Organization (RICO) Act*; against Defendants

Jimmy Childs, James Bellar, Robert Bellar, Deborah Bellar, and Dove Outreach for *violations of the Ohio Corrupt Practices Act, ORC 2923.34 (Ohio RICO)*.

The parties have made jury demands.

Defendants deny the allegations.   Defendant Athens County denies the allegations and asserts immunity defenses.

7. DISCOVERY PROCEDURES

    a. The parties agree that all fact discovery shall be completed by October 31, 2023. Regarding expert discovery, the parties agree that Plaintiff will designate any experts and serve reports by November 30, 2023; Defendants will designate any experts ands serve reports by January 15, 2024; rebuttal experts shall be designated and rebuttal reports served by February 15, 2024; expert depositions shall be completed by April 1, 2024.

    The parties agree to schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and to file any motions relating to discovery within the discovery period unless it is impossible or impractical to do so.  If the parties are unable to reach an agreement on any matter related to discovery, they are directed to arrange a conference with the Court.  To initiate a telephone conference, counsel are directed to join together on one line and then call the Magistrate Judge's chambers or provide the Court with a call-in number.

    b. Do the parties anticipate the production of ESI?_____X Yes_____No

       If yes, describe the protocol for such production:

       The parties may produce material in a convenient format but agree to preserve ESI natively to the extent possible and, subject to rules applicable to the scope of discovery, produce in native format when possible if specifically requested and if the requesting party can demonstrate a need for native format.  Should a more detailed protocol become necessary, the parties will work in good faith to develop such a protocol.

    c. Do the parties intend to seek a protective order or clawback agreement? Y

       If yes, such order or agreement shall be produced to the Court by <u>November 18, 2022</u>.

8. <u>DISPOSITIVE MOTIONS</u>

    a. Any dispositive motions shall be filed by May 15, 2024.

    b. Are the parties requesting expedited briefing on dispositive motions?

       _____ Yes      __X__ No

       If yes, identify the proposed expedited schedule
       Plaintiff proposes Opposition to be filed by July 7, 2024 Reply brief to be filed by July 31, 2024.

9. <u>EXPERT TESTIMONY (See Item 7.a above)</u>

10. <u>SETTLEMENT</u>

Plaintiff(s) will a make a settlement demand by <u>September 29, 2023</u>.    Defendant will respond by <u>October 31, 2023</u>. The parties agree to make a good faith effort to settle this case. The parties understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference. The Court refers cases to settlement throughout the year.  The parties request the following month and year:
November, 2023
In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference. The parties understand that they will be expected to comply fully with the settlement conference orders which require, *inter alia*, that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

11. RULE 16 PRETRIAL CONFERENCE

Do the parties request a scheduling conference?

 X   Yes, the parties would like a conference with the Court prior to it issuing a scheduling order.   The parties request that the conference take place November 7, 2022 at 1:30 pm by telephone.

_____ No, a conference is not necessary; the Court may issue a scheduling order after considering this Report.

12. OTHER MATTERS

Indicate any other matters for the Court's consideration:

Defendants Athens County and Jimmy Childs request that Plaintiff provide a quarterly fee report.

Signatures:

| Attorney for Plaintiff(s): | Attorney for Defendant(s): |
|---|---|
| s/ Michael L. Fradin | s/ Melanie J. Williamson |
| Counsel for Plaintiff<br>Bar# 0091739 | Counsel for Athens County<br>Bar # 0079528 |
| | s/ Mathew Teetor |
| Counsel for _____<br>Bar # | Counsel for Jimmy Childs<br>Bar #0087009 |

_____  _____

Counsel for _____   Counsel for _____
Bar #                              Bar