# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JANE DOE,

    Plaintiff,

v.

ATHENS COUNTY, *et al.*,

    Defendants.

Civil Action 2:22-cv-855
Judge Edmund A. Sargus, Jr.
Magistrate Judge Chelsey M. Vascura

## PRELIMINARY PRETRIAL ORDER

The Court conducted a telephonic preliminary pretrial conference on November 7, 2022. Plaintiff and Defendants Athens County, and Jimmy Childs were represented by counsel; Defendants James Bellar, and Deborah Bellar appeared *pro se*. Defendant Rob Bellar did not appear. Counsel made numerous contacts with Noble Correctional Institution ("NCI") to arrange for Defendant Rob Bellar's participation, and NCI's representatives indicated that Mr. Rob Bellar would be participating. Counsel is **ORDERED** to confer with NCI representatives to determine why Mr. Rob Bellar did not participate and to file a notice with the Court indicating the results of their inquiry.

Defendant Deborah Bellar's oral motion for a copy of the docket sheet is **GRANTED**. The Clerk is therefore **DIRECTED** to send a copy of the docket sheet to Ms. Bellar.

### Rule 26(a)(1) Initial Disclosures

The parties have agreed to make initial disclosures by **December 7, 2022**.

**Jurisdiction and Venue**

There are no contested issues related to venue or jurisdiction.

**Amendments to Pleadings and/or Joinder of Parties**

Motions or stipulations addressing the parties or pleadings, if any, must be filed no later than **February 15, 2023**.

**Motions**

There are no pending motions.

**Allegations in the Pleadings and Jury Demand**

Plaintiff alleges that Defendants Athens County, Jimmy Childs, James Bellar, Dove Outreach, Robert Bellar, and Deborah Bellar, were either negligent in and/or were actively involved in and/or deliberately indifferent towards and/or conspired to profit from sexual and physical abuse that Plaintiff suffered as a minor, and/or maintained policies or practices that resulted in the deprivation of Plaintiff's civil rights. Plaintiff brings claims under 42 U.S.C. § 1983, 18 U.S.C. §§ 1590, 1591, 1595, 1962, and 2255, Ohio Revised Code §§ 2307.60, 2907.21–22, 2921.32, and 2923.34, and state law tort claims. Defendants deny the allegations and Athens County also asserts immunity defenses.

There is a jury demand.

**Expert Disclosures**

The parties' primary expert reports, if any, must be produced by **November 30, 2023**. Rebuttal expert reports, if any, must be produced by **December 30, 2023**. Expert depositions must be completed by **January 15, 2024**.

If an expert is retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, the witness

identification must consist of a report that conforms to Rule 26(a)(2), unless otherwise stipulated or ordered by the Court.

**Discovery Deadline and Limitations**

The parties may, without further leave of Court, agree to exceed the limitations on discovery established by the Federal Rules of Civil Procedure or the Local Rules of this Court. If the parties are unable to reach an agreement on any matter related to discovery, prior to filing a motion, they are directed to arrange an informal conference with the Court.

All fact discovery shall be completed by **October 31, 2023**. For purposes of complying with this Order, the parties must schedule their discovery in such a way as to require all responses to be served prior to the deadline and must also file any motions relating to discovery within the discovery period.

The parties anticipate the production of ESI. The parties may produce material in a convenient format but agree to preserve ESI natively to the extent possible and, subject to rules applicable to the scope of discovery, produce in native format when possible if specifically requested and if the requesting party can demonstrate a need for native format. Should a more detailed protocol become necessary, the parties will work in good faith to develop such a protocol.

The parties intend to seek entry of a protective order or clawback agreement.

**Dispositive Motions**

Case dispositive motions must be filed by **February 15, 2024**.

**Settlement**

Plaintiff shall make a settlement demand by **April 28, 2023**. Defendants shall respond by **May 29, 2023**. The parties agree to make a good faith effort to settle this case. The parties understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for

a settlement conference in **June 2023**. In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference. The parties understand that they will be expected to comply fully with the settlement order which requires *inter alia* that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

Referral to court-facilitated mediation has no effect on the case schedule. All deadlines established in this Order will remain in place unless the parties move for and are granted a continuance or stay. In the event the parties schedule a private mediation, they may notify the Court and request to be excused from participation in court-facilitated mediation.

**Other Matters**

Any party intending to seek attorney fees and costs as a prevailing party shall make quarterly reports to the other party disclosing the to-date accrued attorney's fees and costs.

If any date set in this Order falls on a Saturday, Sunday, or legal holiday, the date of the next business day will control.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE