UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JANE DOE,

        Plaintiff,

  v.                               Case No. 2:22-cv-855
                                     JUDGE EDMUND A. SARGUS, JR.
ATHENS COUNTY, *et al.*,         Magistrate Judge Chelsey M. Vascura

        Defendants.

## OPINION AND ORDER

This motion is before the Court on Plaintiff Jane Doe's Motion for Default Judgment against Defendant Dove Outreach. (ECF No. 54.) For the reasons set forth below, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion.

## I. BACKGROUND

On February 21, 2022, Plaintiff Jane Doe filed this case against six defendants: (1) Athens County, (2) Jimmy Childs, (3) James Bellar, (4) Robert Bellar, (5) Deborah Bellar, and (6) Dove Outreach. (Compl., ECF No. 1.) Dove Outreach is a church that is owned, operated, and ministered by Defendant James Bellar. (*Id.* ¶ 11.) The Complaint alleges liability on the part of the defendants for "their involvement in and deliberate indifference towards the sexual and physical abuse that [Doe] experienced as a minor." (*Id.* at 1.)

With respect to Dove Outreach, Plaintiff asserts the following eight theories of liability: (1) civil liability for compelling and promoting prostitution, (2) civil conspiracy, (3) civil liability for endangering children, (4) sex trafficking of children, or by force, fraud, or coercion, (5) benefitting from participation in a venture involving sex trafficking of children, (6) obstruction, attempted obstruction, or interference with enforcement of the law prohibiting sex trafficking

children, (7) federal liability under the Racketeer Influenced Criminal Organization Act ("RICO"), and (8) Ohio RICO liability. (*Id.* ¶¶ 61-84, 100-138.) In each of these counts, Plaintiff alleges liability against other defendants in addition to Dove Outreach. (*Id.*)

On April 8, 2022, Defendant James Bellar, proceeding *pro se*, attempted to answer Plaintiff's Complaint on behalf of Dove Outreach. (ECF No. 17.) On April 13, 2022, Magistrate Judge Vascura struck Dove Outreach's Answer and ordered Dove Outreach to retain an attorney who can enter an appearance on its behalf within 30 days. (*See* ECF No. 18 at 2 (explaining that Dove Outreach, as an artificial entity, may only proceed in this Court through an attorney) (citing *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993)).) Dove Outreach did not do so.

On May 17, 2022, Plaintiff obtained an entry of default against Dove Outreach from the Clerk of Court. (ECF No. 24.) Following the entry of default, on October 5, 2022, Plaintiff filed the instant motion against Dove Outreach. (ECF No. 54.)

On July 10, 2023, Plaintiff dismissed her claims with prejudice against Defendants Athens County and Jimmy Childs, thus terminating them from this case. (Stipulation of Dismissal, ECF No. 78.) Plaintiff's claims against Defendants James Bellar, Robert Bellar, Deborah Bellar, and Dove Outreach remain pending.

## II. LAW AND ANALYSIS

Under Federal Rule of Civil Procedure 55(b), courts may, in their discretion, enter a default judgment against a party following the entry of judgment by the Clerk. Before entering a default judgment, the Sixth Circuit has instructed courts to take into account the following seven factors when considering whether to enter judgment: "1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference

for decisions on the merits." *Russell v. City of Farmington Hills*, 34 Fed. App'x. 196, 198 (6th Cir. 2002) (unpublished). In federal courts, there exists a "strong preference" for hearing a case on the merits. *Shepard Claims Serv., Inc. v. William Darrah and Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986).

The Court first notes that the *Russell* factors do not weigh in Plaintiff's favor at this juncture. First, although Dove Outreach has failed to answer the Complaint, the remaining Defendants all contest the merits of Plaintiff's claims, and in doing so, they have placed multiple material facts at issue. (*See* James Bellar Answer, ECF No. 16; Deborah Bellar Answer, ECF No. 19; Robert Bellar Answer, ECF No. 50.) Second, Plaintiff has not alleged any possible prejudice from not having default judgment granted for her at this time. (*See* ECF No. 54.) Third, this is a personal injury action involving grievous alleged conduct that allegedly led to severe emotional, physical, and economic injuries. As such, "the amount of money at stake" may be substantial. *See Russell*, 34 Fed. App'x. at 198. Finally, the "strong preference" for trying cases on their merits weighs against an entry of default judgment here. *See Shepard Claims Serv., Inc.*, 796 F.2d at 193.

But even if the *Russell* factors tilted in Plaintiff's favor, the preferred practice in multi-defendant cases involving a single defaulting defendant is to delay granting the default judgment motion until the court reaches a decision on the merits:

> When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants. If plaintiff loses on the merits, the complaint should then be dismissed against both defaulting and non-defaulting defendants.

*Kimberly v. Coastline Coal Corp.*, 1988 U.S. App. LEXIS 12265, at *6–7 (6th Cir. 1988) (per curiam) (citation omitted) (noting also that this rule has its roots in the seminal case *Frow v. De La Vega*, 82 U.S. 552 (1872)). Underpinning the "*Frow* rule," as the Sixth Circuit explained in

3

*Kimberly*, is the concern that entering a default judgment on the merits against one defendant, while the case remains undecided against the other defendants, could ultimately result in inconsistent verdicts—an "unseemly and absurd" outcome. *Id.* at *7. The *Frow* rule, however, is relatively narrow in that it generally applies "when the liability of the defendants is joint." *Id.*; *but see Am. Nat'l Prop. & Cas. Co. v. Williamson*, 220-cv-00539, 2020 U.S. Dist. LEXIS 223524, at *6 (S.D. Ohio Nov. 30, 2020) (finding *Frow* rule applicable notwithstanding the absence of joint liability because the rationale undergirding the rule—avoiding inconsistent judgments—was "equally relevant").

Here, both the *Frow* rule and precedents of this Court counsel against entering default judgment against one defendant in a multi-defendant case, where the remaining defendants are contesting the suit on the merits. Because the non-defaulting defendants are defending themselves against these claims—claims that Plaintiff has also alleged against Dove Outreach—entry of default judgment against Dove Outreach at this time would create a risk of inconsistent judgments. The Court therefore declines to enter default judgment against Dove Outreach at this stage of the proceedings, thus ensuring that "unseemly and absurd" inconsistent verdicts will not come to pass. *See Kimberly*, 1988 U.S. App. LEXIS 12265, at *7.

### III. CONCLUSION

For these reasons, Plaintiff's Motion for Default Judgment against Defendant Dove Outreach (ECF No. 54) is **DENIED WITHOUT PREJUDICE**. Defendant Dove Outreach remains in default and may not participate in the case. Plaintiff may re-file a motion for default judgment following judgment on the merits against the remaining Defendants.

**IT IS SO ORDERED.**

<u>**8/22/2023**</u>  <u>**s/Edmund A. Sargus, Jr.**</u>
**DATE** **EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**