UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JANE DOE,**

      **Plaintiff,**

   v.

**ATHENS COUNTY,** *et al.***,**

      **Defendants.**

Case No. 2:22-cv-855
Judge Edmund A. Sargus, Jr.
Magistrate Judge Chelsey M. Vascura

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Jane Doe's Renewed Motion for Default Judgment on Liability and for An Evidentiary Hearing on Damages Against Dove Outreach. (Mot., ECF No. 87.) For the reasons stated in this Opinion and Order, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion. Plaintiff is entitled to default judgment against Defendant Dove Outreach, the sole remaining defendant, on most, but not all, of her claims.

**BACKGROUND**

**I.   Factual Background**

As alleged, Plaintiff suffered disturbing childhood abuse by her family members who were influenced by the church they attended. Plaintiff's parents, Robert and Deborah Bellar, required Plaintiff and her siblings to attend the "cult-like" Dove Outreach Church in Waverly, Ohio. (Compl., ECF No. 1, ¶ 11.) The owner and operator of Dove Outreach, James Bellar (Robert's brother), preached that siblings were meant to procreate with one another. (*Id.*) Plaintiff claims that Dove Outreach "facilitates sexual contact with minor children" and "charges fees to its members in furtherance of its ideology that minor children should procreate." (*Id.* ¶¶ 64–66.)

Plaintiff alleges that the church's teachings contributed to physical and sexual abuse

against her by her own family members. (*Id.* ¶ 12.) Plaintiff's older brothers sexually assaulted and abused her starting when she was five years old and ending around when she was twelve. (*Id.* ¶ 13.) Robert and Deborah knew about the abuse and protected the brothers. (*Id.* ¶ 14.) Robert also physically abused Plaintiff, including by striking her in the mouth and face. (*Id.* ¶¶ 14, 24.) Plaintiff claims that Dove Outreach financially and otherwise benefitted from Plaintiff's sexual abuse. (*Id.* ¶¶ 104, 112.)

Plaintiff also alleges that Jimmy Childs, a Sergeant employed by the Athens County Sheriff's Department, knowingly helped Robert and Deborah cover up the abuse. (*Id.* ¶¶ 15–21.) Plaintiff reported the abuse to Childs multiple times, and he failed to report or address it. (*Id.* ¶¶ 24–28.) She also alleges Childs sexually harassed her throughout her childhood. (*Id.* ¶¶ 29–37.) Additionally, Plaintiff alleges that Athens County Children Services received multiple reports of sexual abuse in the Bellar family home but did not act to stop it. (*Id.* ¶¶ 38–44.)

Robert, Deborah, and Jimmy were criminally charged for their actions relating to Plaintiff. Robert and Deborah each pled guilty to Engaging in a Pattern of Corrupt Activity and to Endangering Children and were sentenced to prison. Judgment Entry, *State v. Robert James Bellar*, Athens C.P. No. 21CR0168 (March 22, 2022); Judgment Entry, *State v. Deborah L. Bellar*, Athens C.P. No. 21CR0169 (March 22, 2022). Jimmy Childs pled guilty to one count of Disorderly Conduct. (Compl., ¶ 37); Judgment Entry, *State v. Jimmy F. Childs*, Athens C.P. No. 21CR0222 (July 28, 2021).

## II. Procedural History

Plaintiff filed this case in February 2022 against six defendants: Athens County, Ohio Jimmy Childs, James Bellar, Robert Bellar, Deborah Bellar, and Dove Outreach Church. (Compl.) With respect to Dove Outreach, Plaintiff asserts eight theories of liability: (1) civil liability for the

2

criminal act of compelling and promoting prostitution, (2) civil conspiracy, (3) civil liability for the criminal act of endangering children, (4) sex trafficking of children, including by force, fraud, or coercion, (5) benefitting from participation in a venture involving sex trafficking of children, (6) obstruction, attempted obstruction, or interference with enforcement of the law prohibiting sex trafficking children, (7) civil liability under the federal Racketeer Influenced Criminal Organization Act ("RICO"), and (8) civil liability under the Ohio Corrupt Practices Act. (*Id.* ¶¶ 61–84, 100–38.) These counts were brought against other defendants as well, but all other defendants have been dismissed from the case. (*Id.*; *see* ECF No. 78, 85.)

On April 8, 2022, Defendant James Bellar, proceeding *pro se*, attempted to answer Plaintiff's Complaint on behalf of Dove Outreach. (ECF No. 17.) On April 13, 2022, Magistrate Judge Vascura struck Dove Outreach's Answer and ordered Dove Outreach to retain an attorney who can enter an appearance on its behalf within 30 days. (*See* ECF No. 18, PageID 110 (explaining that Dove Outreach, as an artificial entity, may only proceed in this Court through an attorney) (citing *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993)).) Dove Outreach did not obtain counsel.

On May 17, 2022, Plaintiff obtained an entry of default against Dove Outreach from the Clerk of Court. (ECF No. 24.) Following the entry of default, Plaintiff moved for default judgment against Dove Outreach. (ECF No. 54.) Plaintiff then dismissed her claims with prejudice against Defendants Athens County and Jimmy Childs, thus terminating them from the case. (ECF No. 78.) The Court denied without prejudice Plaintiff's motion for default judgment against Dove Outreach, in part because multiple contested claims against several individual defendants were still pending. (ECF No. 80.) Plaintiff then moved to voluntarily dismiss the remaining individual defendants.

(ECF No. 84.) The Court granted Plaintiff's motion and dismissed the claims remaining against all defendants except for Dove Outreach. (ECF No. 85.)

Plaintiff again moved the Court to enter default judgment against Dove Outreach on all claims against it. (Mot.) She attached a sworn declaration from Jackie Toole, Plaintiff's therapist (Toole Decl., ECF No. 87-1, PageID 365), and a Psychotherapy Narrative Report written by Ms. Toole and dated August 11, 2022 (Report, ECF No. 87-1, PageID 370).

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure governs defaults and default judgments. Fed. R. Civ. P. 55. The first step is to obtain an entry of default by the clerk, which is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit, or otherwise." Fed. R. Civ. P. 55(a). Upon the clerk's entry of default, "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Hoover v. 4 Seasons Motors Inc.*, No. 2:21-cv-4177, 2022 WL 2870175, at *2 (S.D. Ohio July 21, 2022) (quoting *United States v. Parker-Billingsley*, No. 3:14-cv-307, 2015 WL 4539843, at *1 (S.D. Ohio Feb. 10, 2015) (Newman, J.)).

If the plaintiff's claims are not for "a sum certain or a sum that can be made certain by computation," the plaintiff must then apply to the Court for a default judgment. Fed. R. Civ. P. 55(b). "Thus, while liability may be shown by well-pleaded allegations, the district court must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *DT Fashion LLC v. Cline*, No. 2:16-cv-1117, 2018 WL 542268, at *2 (S.D. Ohio Jan. 24, 2018) (cleaned up) (quoting *Parker-Billingsley*, 2015 WL 4539843, at *1). A court may determine damages without holding an evidentiary hearing if the damages are "capable of ascertainment from

4

definite figures contained in the documentary evidence or in detailed affidavits." *Parker-Billingsley* at *1 (citation omitted).

The district court decides, in its discretion, whether to enter default judgment. The Sixth Circuit has identified several factors for courts to consider when deciding whether to enter default judgment, including: "1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits." *Russel v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002); *AmaTech Grp. Ltd. v. Fed. Card Servs., LLC*, No. 1:21-CV-406, 2024 WL 4866420, at *3 (S.D. Ohio Nov. 22, 2024) (Hopkins, J.) (reciting the *Russel* factors).

## ANALYSIS

Plaintiff has obtained an entry of default, and her claims are not for a sum certain. (ECF No. 24.) Thus, the Court accepts as true the allegations in the Complaint and will analyze whether the factual allegations establish Dove Outreach's liability under each of Plaintiff's claims.

### I. Jurisdiction and Timing of Default Judgment

The Court has jurisdiction over this matter under 28 U.S.C. § 1331 because Plaintiff brings claims under federal law. Plaintiff also brings several causes of action under Ohio law. The Court has supplemental jurisdiction over those claims under 28 U.S.C. § 1367.

Unlike at the time of Plaintiff's first motion for default judgment, the *Russell* factors now weigh in favor of granting default judgment. The one remaining Defendant, Dove Outreach, failed to answer or respond to Plaintiff's Complaint. All individual defendants, including those who contested the facts as alleged, have been dismissed from the lawsuit. (*See* ECF No. 78, 85.) Even with additional time since the Court's Opinion and Order denying Plaintiff's first motion for

default judgment, Dove Outreach never obtained counsel as ordered by this Court. (ECF Nos. 18, 23, 80.) Defendant's failure to comply with the Court's order was not due to excusable neglect. Even though the potential damages might be high, resolution by default judgment is appropriate given Plaintiff's credible claims of abuse, the disposition of the Defendants, and the time elapsed since Plaintiff filed her Complaint.

## II. Default Judgment Analysis

### a. Federal Sex Trafficking Claims

Plaintiff brings three federal causes of action against Dove Outreach seeking a civil damages remedy for violations of criminal sex trafficking laws. She alleges two claims for sex trafficking under 18 U.S.C. § 1591 and one claim for obstruction relating to trafficking under §§ 1590(b) and 1591(d).

Federal law provides a civil right of action for victims of sex trafficking as follows:

> An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees.

18 U.S.C. § 1595(a). Federal law also provides a civil remedy for personal injuries suffered by victims of sex trafficking and related statutes under 18 U.S.C. § 2255.

Plaintiff claims Defendants committed criminal offenses under 18 U.S.C. § 1591, which prohibits sex trafficking of children by force, fraud, or coercion, and that Dove Outreach benefitted from the trafficking. That statute provides:

> (a) Whoever knowingly—
>
> > (1) in or affecting interstate or foreign commerce, . . . recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or

6

>> (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),
>
> knowing, or, . . . in reckless disregard of the fact, that means of force, threats of force, fraud, coercion . . . or any combination of such means will be used to cause the person to engage in a commercial sex act . . . shall be punished as provided in subsection (b).

18 U.S.C. § 1591(a). Plaintiff claims Dove Outreach violated 18 U.S.C. § 1591 under both provisions (a)(1) and (a)(2) of the statute. (Compl., ¶¶ 102, 109.) The statute defines "commercial sex act" to mean "any sex act, on account of which anything of value is given to or received by any person." 18 U.S.C. § 1591(e)(5).

Accepting the facts alleged in Plaintiff's Complaint as true, Dove Outreach benefitted from Plaintiff's sexual abuse "by collecting money through sponsorships, donations, and member fees and otherwise, knowing that Plaintiff was being repeatedly sexually abused and raped." (Compl., ¶ 104.) Plaintiff also alleges that the church collected these funds from the family while the church's leader encouraged sibling intercourse. As alleged, Plaintiff's abusers were influenced by the church's message, Plaintiff's parents protected the siblings who were forcibly sexually abusing Plaintiff, and the church benefitted by Plaintiff's parents financially supporting the church.

Based on the lenient standard for a motion for default judgment, and only on the narrow facts of this case, the Court finds that the elements of sex trafficking under 18 U.S.C. § 1591(a) are met. Ultimately, Plaintiff's sexual abuse, and her parents' enabling of it, were inexorably related to the church's message of sibling intercourse, which was supported financially by Plaintiff's family. Additionally, the threshold for interstate commerce here is low: "The phrase 'affecting commerce' indicates Congress' intent to regulate to the outer limits of its authority under the Commerce Clause." *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 115 (2001); *see United*

7

*States v. Willoughby*, 742 F.3d 229, 240 (6th Cir. 2014) ("Congress has specifically found that, in the aggregate, sex-trafficking activities 'substantially affect[ ] interstate and foreign commerce.' 22 U.S.C. § 7101(b)(12)."), *overruled on other grounds*, *Johnson v. United States*, 576 U.S. 591 (2015). And to the extent the other Defendants also engaged in a sex trafficking offense under 18 USC § 1591(a)(1), as is alleged, Dove Outreach benefitted from those offenses by the family's financial support and participation in furtherance of the church's message of sibling intercourse.

Because Plaintiff is a victim of sex trafficking as defined under 18 USC § 1591(a)(1) and (2), Dove Outreach can be held civilly liable under § 1595(a) for knowingly benefitting from those crimes. Additionally, as alleged, Dove Outreach obstructed the enforcement of the sex trafficking statute "by ignoring verbal and written complaints of sexual abuse" and making false statements to investigators about Plaintiff. (Compl., ¶ 117.) Accordingly, Dove Outreach engaged in obstruction under 18 U.S.C. § 1590(b) and is also civilly liable for that act under 18 U.S.C. § 1595(a).

Plaintiff is entitled to default judgment on her sex trafficking and obstruction claims under 18 U.S.C. § 1595(a). The Court emphasizes that these holdings are within the narrow bounds of the facts as alleged, which the Court accepts as true for the purposes of the lenient default judgment standard.

### b. Civil Liability for Criminal Acts Under State Law

Plaintiff brings two claims for a civil damages remedy for a criminal act under Ohio Revised Code § 2307.60. That provision states:

> Anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action unless specifically excepted by law, may recover the costs of maintaining the civil action and attorney's fees if authorized by any provision of the Rules of Civil Procedure or another section of the Revised Code or under the common law of this state, and may recover punitive or exemplary damages if authorized by section 2315.21 or another section of the Revised Code.

Ohio Rev. Code § 2307.60(A)(1). Plaintiff claims that Dove Outreach criminally compelled and promoted prostitution under Ohio Revised Code §§ 2907.21 and 2907.22 and that it endangered children in violation of Ohio Revised Code § 2919.22(A).

### i. State Prostitution Crimes

Plaintiff's state law civil damages claim based on criminal prostitution is not actionable because the state prostitution statute is narrower than the federal sex trafficking statute. For example, Ohio's compelling and promoting prostitution statutes, respectively, make it a crime to knowingly "[c]ompel another to engage in sexual activity *for hire*" and to "[e]stablish, maintain, operate, manage, supervise, control, or have an interest in a brothel or any other enterprise a purpose of which is to facilitate engagement in sexual activity *for hire*." Ohio Rev. Code §§ 2907.21(A)(1), 2907.22(A)(2) (emphasis added).

Plaintiff does not allege that Plaintiff's sexual abuse resulted from Dove Outreach directly paying or otherwise hiring her siblings to assault her. Rather, she alleges that Dove Outreach promoted and compelled the abuse and, at the same time, charged membership fees in furtherance of its ideology. (Compl., ¶¶ 65–67.) Although those actions are condemnable, they are not prostitution crimes under the statutes cited by Plaintiff. Accordingly, Plaintiff is not entitled to a civil damages remedy regarding Dove Outreach's alleged state prostitution crimes, and her claim on that ground (claim three) is **DISMISSED WITH PREJUDICE**.

### ii. State Endangering Children Crime

Plaintiff also claims that Dove Outreach violated Ohio's endangering children statute, Ohio Revised Code § 2919.22. Under that statute, "No person, who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen years of age . . . shall create a substantial risk to the health or safety of the child, by violating a duty of care,

9

protection, or support." Ohio Rev. Code § 2919.22(A). She broadly alleges that Dove Outreach was a "person having custody or control or in loco parentis of Plaintiff when she was a minor" and that the church created a substantial risk of harm to her and violated a duty it owed to her. (Compl., ¶¶ 79, 82.)

Although Plaintiff asserts the legal conclusion that Dove Outreach acted *in loco parentis* or had custody or control over her, she does not assert facts sufficient to support that conclusion. The Ohio Supreme Court has interpreted the phrase "in loco parentis" to mean "'charged, factitiously, with a parent's rights, duties, and responsibilities.'" *State v. Noggle*, 615 N.E.2d 1040, 1042 (Ohio 1993) (quoting Black's Law Dictionary 787 (6th Ed. 1990)), *superseded by statute on other grounds*, *see State v. Mole*, 74 N.E.3d 368, 382 (Ohio 2016). Plaintiff and her family attended the church, which was owned and operated by Plaintiff's uncle, James Bellar. Plaintiff alleges that her family was influenced by the church's message about sibling procreation but does not allege facts about the church engaging in parental duties or responsibilities toward Plaintiff. Accordingly, Plaintiff has not shown that Dove Outreach had the necessary role for the church to be criminally liable for endangering her under Ohio Revised Code § 2919.22.

Accordingly, Plaintiff's civil liability claim for the criminal act of endangering children (claim six) is **DISMISSED WITH PREJUDICE**.

### c. Civil Conspiracy

Plaintiff alleges a common law civil conspiracy claim against all Defendants, including Dove Outreach. (Compl., ¶¶ 74–77.) "'In Ohio, a civil conspiracy consists of the following: (1) a malicious combination; (2) two or more persons; (3) injury to person or property; and (4) existence of an unlawful act independent from the actual conspiracy.'" *Lee v. Countrywide Home Loans, Inc.*, 692 F.3d 442, 446 (6th Cir. 2012) (quoting *Universal Coach, Inc. v. New York City Transit*

10

*Auth.*, Inc., 629 N.E.2d 28, 33 (8th Dist. Ohio Ct. App. 1993)). The plaintiff need not prove an explicit agreement; "an understanding or common design between the parties to commit an improper act" is enough. *Id.* (citing *Gosden v. Louis*, 687 N.E.2d 481, 496 (9th Dist. Ohio Ct. App. 1996)).

Accepting Plaintiff's allegations as true, Dove Outreach conspired with the other Defendants "to violate Plaintiff's Constitutional rights" and "to cover-up the abuse of Plaintiff and other minors in the Bellar home." (Compl., ¶ 75.) Plaintiff sufficiently alleges that Dove Outreach participated in a malicious combination with the other Defendants to engage in the common improper act of promoting sibling procreation and covering up associated abuse. The sexual abuse suffered by Plaintiff and other minors is sufficient to show the existence of an unlawful act independent from the conspiracy itself. Plaintiff alleges that she was injured and suffered economic and non-economic damages because of the abuse and the conspiracy to cover it up.

Accordingly, Plaintiff has sufficiently stated a common law claim for civil conspiracy under Ohio law. Plaintiff is entitled to default judgment on her civil conspiracy claim (claim five).

### d. Federal RICO Claim

Next, Plaintiff claims that Dove Outreach is criminally liable under the Racketeer Influenced and Corrupt Organizations Act ("RICO") because it was part of a criminal enterprise that engaged in a pattern of racketeering activity. As alleged, Defendants' racketeering acts included "the support of a conspiratorial plot involving the sexual abuse of the minor Plaintiff and other minors in addition to the sexual abuse itself." (Compl., ¶¶ 121–27.) Accordingly, Plaintiff asserts entitlement to a civil remedy of treble damages and attorney's fees and costs under 18 U.S.C. § 1964(c).

Relevant to this case, the RICO statute makes it "unlawful for any person employed by or

11

associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). A "pattern of racketeering activity" requires at least two acts of "racketeering activity," which can include violations of state law or of federal law. 18 U.S.C. §§ 1961(1), (5). Relating to state law, it means:

> (A) any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law and punishable by imprisonment for more than one year.

18 U.S.C. § 1961(1)(A). Relating to federal law, it is defined as "any act which is indictable under" a list of dozens of criminal statutes under Title 18 of the U.S. Code, including trafficking crimes under 18 U.S.C. §§ 1581–1592. 18 U.S.C. § 1961(1)(B).

As established above, Plaintiff has sufficiently alleged, for the purposes of default judgment, that Defendants engaged in federal sex trafficking crimes under 18 U.S.C. § 1591 and that Dove Outreach obstructed investigation of those crimes and benefitted from them. As alleged, these acts took place more than once. The Court accepts as true Plaintiff's allegation that Dove Outreach was part of an enterprise that affected interstate commerce and, with specific intent to further Defendants' scheme, provided financial and logistical support for the underlying criminal behaviors. Dove Outreach was directly involved in this behavior, "namely the support of a conspiratorial plot involving the sexual abuse of the minor Plaintiff and other minors in addition to the sexual abuse itself." (Compl., ¶ 124.)

Accordingly, the Court finds that Plaintiff has sufficiently alleged that Dove Outreach is criminally liable under the federal RICO statute, 18 U.S.C. § 1962(c). Dove Outreach thus is liable for treble damages, attorney's fees, and costs under 18 U.S.C. § 1964(c). Again, the Court

emphasizes that the holding is bound to the narrow facts of this case as assessed under the lenient default judgment standard.

### e. Ohio Corrupt Practices Act Claim

Last, Plaintiff alleges that Dove Outreach is liable under Ohio Revised Code § 2923.34, part of the Ohio Corrupt Practices Act ("OCPA"). (Compl., ¶¶ 129–138.) Section 2923.34 provides a civil right to action for victims of corrupt activity in violation of Ohio Revised Code § 2923.32. Under the civil liability statute, in relevant part,

> [a]ny person who is injured or threatened with injury by a violation of section 2923.32 of the Revised Code may institute a civil proceeding in an appropriate court seeking relief from any person whose conduct violated or allegedly violated section 2923.32 of the Revised Code or who conspired or allegedly conspired to violate that section.

Ohio Rev. Code § 2923.34(A). Section 2923.32 provides, "No person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity or the collection of an unlawful debt." Ohio Rev. Code § 2923.32(A)(1). The OCPA requires two or more instances of "corrupt activity," which Ohio law defines to include all "racketeering activity" under federal law (18 U.S.C. § 1961, as discussed above) and specific violations of state law. Ohio Rev. Code § 2923.31(E), (I).

Plaintiff alleges, and the Court accepts as true, that Dove Outreach was associated with a group constituting an "enterprise" as defined by the OCPA. *See* Ohio Rev. Code § 2923.31(C) (defining "enterprise" to include any "organization"). Under the OCPA's civil liability statute, the "person" against whom recovery is sought—in this case, the church—must be the "person whose conduct violated or allegedly violated section 2923.32." Ohio Rev. Code § 2923.34(A). Ohio law expressly defines "person" for the purposes of Ohio's criminal code to include "[a]n individual, corporation, business trust, estate, trust, partnership, [or] association." Ohio Rev. Code

13

§ 2901.01(B)(1)(a)(i). Churches in Ohio are typically organized as non-profit corporations. *See, e.g.*, *N. Dayton First Church of God v. Berger*, No. 18171, 2000 WL 1597963, at *1 (2d Dist. Ohio Ct. App. Oct. 27, 2000) ("The North Dayton First Church of God . . . is a non-profit Ohio corporation.") Dove Outreach is registered with the Ohio Secretary of State as a non-profit corporation and is a "person" for the purposes of Ohio's criminal code.[1]

Plaintiff alleges that Dove Outreach was part of the Bellars' criminal enterprise and associated with that enterprise through actions that "constitute the crimes of Obstructing Justice, Tampering with Evidence, Endangering Children, and Conspiracy to conceal sexual abuse of Plaintiff within the Bellar household." (Compl., ¶¶ 131–32.) Under § 2923.32(I), the crimes of obstructing justice (Ohio Revised Code § 2921.32) and tampering with evidence (Ohio Revised Code § 2921.12) can constitute "corrupt activity" for the purposes of the OCPA, but the crimes of endangering children (Ohio Revised Code § 2919.22) and conspiracy (Ohio Revised Code § 2923.01) are not listed by the statute. Ohio Rev. Code § 2923.31(I)(2).

Ohio's obstructing justice statute provides:

(A) No person, with purpose to hinder the discovery, apprehension, prosecution, conviction, or punishment of another for crime or to assist another to benefit from the commission of a crime . . . shall do any of the following:

. . .

(5) Communicate false information to any person;

(6) Prevent or obstruct any person, by means of force, intimidation, or

---

[1] According to the Ohio Secretary of State's Business Search, Dove Outreach was registered with the state of Ohio as a non-profit charitable corporation from 1986 to 2024. *See* https://businesssearch.ohiosos.gov/. The Ohio Secretary of State cancelled Dove Outreach's status as a non-profit corporation on March 7, 2024. *Id.* The Court takes judicial notice of these public records under Rule 201 of the Federal Rules of Evidence. *See Landt v. Farley*, Civil Action No. 2:12-cv-231, 2012 WL 4473209, *1 n.1 (N.D. Ohio Sept. 26, 2012) (noting that the "court may take judicial notice of matters of public record, including duly recorded documents") (quotation marks and citation omitted).

14

> deception, from performing any act to aid in the discovery, apprehension, or prosecution of the other person or child.

Ohio Rev. Code § 2921.32.

Under an earlier section of the Complaint, Plaintiff alleges that:

> Defendants [including Dove Outreach] obstructed, attempted to obstruct, interfered, and or prevented the enforcement of these sections by ignoring verbal and written complaints of sexual abuse; dismissing complaints of sexual abuse; refusing to act on reports of sexual abuse; threatening athletes [sic] with consequences for the abuse that was occurring to them; making false statements about Plaintiff; and feeding false information to investigators about Plaintiff.

(Compl., ¶ 117.) Accepting these facts as true, Dove Outreach made false statements about Plaintiff and provided false information to investigators about Plaintiff for the purpose of hindering the criminal investigations into Defendants and into Plaintiff's abusers. Accordingly, Dove Outreach violated the obstructing justice statute multiple times and thus engaged in a "pattern of corrupt activity." (Compl., ¶¶ 117, 131–32, 34); *see* Ohio Rev. Code §§ 2921.32(A)(5) (obstructing justice statute), 2923.32(I) (including obstructing justice as "corrupt activity"), 2923.32(A)(1) (prohibiting engaging in a pattern of corrupt activity). Because it did so through its participation in the Bellars' enterprise, Dove Outreach violated the OCPA. Ohio Rev. Code § 2923.32(A)(1).

Furthermore, Plaintiff alleges, and the Court accepts as true, that she suffered "extensive economic and non-economic damages" as a direct and proximate result of Dove Outreach's unlawful activity. (Compl., ¶ 137.) Regarding damages, the OCPA provides,

> In a civil proceeding under division (A) of this section, any person directly or indirectly injured by conduct in violation of section 2923.32 of the Revised Code or a conspiracy to violate that section, . . . shall have a cause of action for triple the actual damages the person sustained. To recover triple damages, the plaintiff shall prove the violation or conspiracy to violate that section and actual damages by clear and convincing evidence. Damages under this division may include, but are not limited to, competitive injury and injury distinct from the injury inflicted by corrupt activity.

Ohio Rev. Code § 2923.34(E). The OCPA civil liability statute also provides for an award of

15

reasonable attorney's fees for a plaintiff that prevails under § 2923.34(E). Ohio Rev. Code § 2923.34(F). Given that the facts, accepted as true, show that Dove Outreach violated § 2923.32(A)(1) and that Plaintiff was injured by that violation, Plaintiff is entitled to treble damages and an award of reasonable attorney's fees under that statute. Because Plaintiff's damages are not for a sum certain, the Court orders Plaintiff to file a motion for damages.

## CONCLUSION

For the reasons stated in this Opinion and Order, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion for Default Judgment on Liability and for An Evidentiary Hearing on Damages Against Dove Outreach. (ECF No. 87.) Plaintiff is entitled to default judgment against Dove Outreach for her civil conspiracy claim (claim five), her federal sex trafficking claims (claims nine, ten, and eleven), her federal RICO claim (claim twelve), and her Ohio Corrupt Practices Act claim (claim thirteen). Her state civil liability for criminal acts claims against Dove Outreach (claims three and six) are **DISMISSED WITH PREJUDICE**.

The Court **ORDERS** Plaintiff to file a motion for damages **within 21 days of this Opinion and Order**. After receiving that motion, the Court will determine whether an evidentiary hearing is necessary. The Court will direct Plaintiff to file a motion for attorney's fees and costs after resolution of her motion for damages.

This case remains open.

**IT IS SO ORDERED.**

**3/4/2025**　　　　　　　　　　　　　　　　**s/Edmund A. Sargus, Jr.**
**DATE**　　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**